# MINNEAPOLIS VAN & WAREHOUSE COMPANY v.
# ST. PAUL TERMINAL WAREHOUSE COMPANY.

180 N. W. (2d) 175.

September 11, 1970—No. 42511.

*Mackall, Crounse, Moore, Helmey & Holmes, Clay R. Moore,* and *Andrew R. Clark,* for appellant.

*Kelly & Finley, Ltd.,* and *James F. Finley,* for respondent.

Heard before Nelson, Otis, Rogosheske, Peterson, and James F. Murphy, JJ.

ROGOSHESKE, JUSTICE.

The narrow issue presented by this appeal is the scope of judicial review by the district court of an order of the Public Service Commission[1] where the claim asserted is that the evidence is insufficient to support the findings of fact upon which the order is based.

---

[1] Formerly the Railroad and Warehouse Commission and so named when these proceedings were commenced. By L. 1967, c. 864, the name was changed to Public Service Commission.

The issue arises out of the application by respondent, St. Paul Terminal Warehouse Company, to the commission for an irregular route common carrier permit limited to a 50-mile radius of St. Paul for the transportation of household goods consisting of furniture, fixtures, equipment, and property when such property is part of the stock, equipment, and supplies of business places and institutions, public or private.

Respondent and appellant, Minneapolis Van & Warehouse Company, submitted evidence in support of and in opposition to the granting of the application in proceedings before the commission. The commission upon findings of fact, which included a finding that "there are not a sufficient number of permit carriers of the kind applied for to reasonably and adequately meet the needs of the area for the kind of transportation the applicant proposes to offer," issued its order granting the permit. As authorized by Minn. St. 216.24, appellant appealed to the district court challenging the sufficiency of the evidence to support the finding quoted above. Although permitted to offer additional evidence concerning the validity of the decision of the commission pursuant to Minn. St. 216.25, as construed by State v. Duluth, M. & I. R. Ry. Co. 246 Minn. 383, 75 N. W. (2d) 398, neither party chose to do so, and the appeal was submitted on the record made before the commission. The district court by order found that "there is some evidence to reasonably justify an inference supporting the finding made by the Commission" and affirmed the order granting the permit. In an attached memorandum made a part of the order, the court specifically held that the scope of review of the commission's findings was governed by Minn. St. 216.25, as interpreted by Dahlen Transport, Inc. v. Hahne, 261 Minn. 218, 112 N. W. (2d) 630, and not by § 15.0425 of the Administrative Procedure Act, and further stated that "[a]ppellant has not 'swept away by clear and convincing evidence to the contrary' the prima facie foundation of the Commission's findings." This appeal followed.

Appellant contended before the district court and here that § 15.0425[2] governs the scope of judicial review of the commission's decisions, including the findings of fact. We agree and remand for a review of the evidence supporting the challenged finding in accordance with the substantial-evidence rule embodied in § 15.0425(e).

Prior to the enactment of §§ 15.0424 to 15.0426 of the Administrative Procedure Act in 1963, the scope of judicial review of orders of the commission, as well as the procedural requirements for perfecting an appeal to the district court, was governed by §§ 216.24 and 216.25. Without reviewing the host of cases which have interpreted and applied § 216.25 to define the function of the district court in reviewing the evidentiary support for factual findings of the commission, it can fairly be said that prior to the Dahlen case the rule most generally applied, although phrased in many different ways, has been the substantial-evidence rule. See, State v. Duluth, M. & I. R. Ry. Co. *supra*.

Despite the anomalous statutory authority permitting new evidence in the district court to bolster or attack the evidentiary support for the commission's order and the troublesome language

---

[2] Minn. St. 15.0425 provides: "In any proceedings for judicial review by any court of decisions of any agency as defined in Minnesota Statutes, Section 15.0411, Subdivision 2 (including those agencies excluded from the definition of agency in section 15.0411, subdivision 2) the court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

"(a)  In violation of constitutional provisions; or

"(b)  In excess of the statutory authority or jurisdiction of the agency; or

"(c)  Made upon unlawful procedure; or

"(d)  Affected by other error of law; or

"(e)  Unsupported by substantial evidence in view of the entire record as submitted; or

"(f)  Arbitrary or capricious."

of § 216.25 negating a trial de novo by providing that the commission's "findings of fact shall be prima facie evidence of the matters therein stated" and its "order shall be prima facie reasonable," in the final analysis the function of the district court has been held to be to examine the commission's order in the light of all of the evidence presented at the hearings both before the commission and the court and to determine whether or not the factual findings are reasonably supported by the evidence, tested by the same rule which governs an appellate court in reviewing the findings of a jury.[3] The Dahlen case, however, contained language which appellant contends has been read by practitioners before the commission to change the scope of evidentiary review. Specifically, it was stated in Dahlen:

"* * * When a case, on appeal to the district court, is submitted on the record before the commission and no additional proof is offered, the judicial inquiry on fact issues is limited to a determination of whether there is *any evidence* which will reasonably justify an inference supporting the finding made by the commission." (Italics supplied.) 261 Minn. 223, 112 N. W. (2d) 634.

Subsequently it was thus claimed, and in our view so interpreted by the district court in this case, that "any evidence," even a "scintilla," would be sufficient to sustain factual findings of the commission.

Although the language employed, especially when read in the light of the dissent of Mr. Justice Otis in the Dahlen case, lends itself to that interpretation, the enactment of § 15.0425 of the Administrative Procedure Act in 1963, soon after the Dahlen

---

[3] See, e. g., City of Minneapolis v. Minneapolis Transit Co. 270 Minn. 133, 133 N. W. (2d) 364; State v. Duluth, M. & I. R. Ry. Co. 246 Minn. 383, 75 N. W. (2d) 398; Twin City Motor Bus Co. v. Rechtzigel, 229 Minn. 196, 38 N. W. (2d) 825; State and Port Authority of St. Paul v. N. P. Ry. Co. 229 Minn. 312, 39 N. W. (2d) 752; State v. G. N. Ry. Co. 130 Minn. 57, 153 N. W. 247; and Steenerson v. G. N. Ry. Co. 69 Minn. 353, 72 N. W. 713.

decision, was unmistakably intended by the legislature to make uniform the scope of judicial review of the decisions of all administrative factfinding agencies, including those of the commission. This legislative intent is made clear by the language of § 15.0425, which specifically includes every agency defined by § 15.0411, subd. 2. It is true that § 15.0424 of the act, prescribing the procedure by which an appeal is taken from an agency, expressly excludes the "railroad and warehouse commission," but such an exclusion was manifestly necessary because §§ 216.24 and 216.25 prescribe the procedure for an appeal from the commission, and the legislature obviously intended to preserve those procedures as well as the right of the parties to the appeal to submit additional evidence in the district court. However, that exclusion in no wise limits or modifies the legislative intent that the decisons of every agency defined by § 15.0411, which expressly includes "any state * * * commission," should be reviewed in accordance with the rule prescribed by § 15.0425. While it can be argued that § 15.0425 adds nothing new to our decisional law with respect to the scope of a trial court's review of factual determinations by the commission, it does serve to dissipate any confusion that may have arisen by reason of the language of the Dahlen case and to also declare, as we recently observed in Mitchell Transport, Inc. v. Railroad & Warehouse Comm. 272 Minn. 121, 137 N. W. (2d) 561, that it is now the statutory rule governing the scope of review of commission decisions. And this must be despite language to the contrary in any of the prior cases interpreting § 216.25, including any requirement that appellants carry the burden of proof by "clear and convincing evidence." State and Port Authority of St. Paul v. N. P. Ry. Co. 229 Minn. 312, 320, 39 N. W. (2d) 752, 757.

The statutory rule also settles any doubt of our conformity with the majority of courts, both state and Federal, in accepting the substantial-evidence rule as the rule governing the scope of all judicial review of evidence supporting factual findings of administrative agencies. 4 Davis, Administrative Law Treatise,

§ 29.11. As Professor Davis points out in chapter 29 of his comprehensive treatment of this subject matter, substantial evidence is more than "a scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." § 29.02. The main inquiry by the district court is "whether on the record * * * [the commission] could reasonably make the finding." § 29.01. While the test is "vague, rather than precise" and the "intensity of review" may vary from case to case, § 29.11, the "test is the same as the test on review of a jury verdict, but the review is narrower than the review of the findings of a judge sitting without a jury," § 29.01, the latter being governed by the "clearly erroneous" test.[4] § 29.11. The burden is upon the appellant to establish that the findings of the commission are not supported by the evidence in the record, considered in its entirety. If the evidence is conflicting or the undisputed facts permit more than one inference to be drawn, the findings of the commission may not be upset and the district court may not substitute its judgment for that of the commission.

Upon this appeal respondent appears to have modified its argument and to concede that § 15.0425 governs the scope of review of the evidence, but urges that by application of that rule the evidence is clearly sufficient to sustain the challenged finding. Although this may well be true, we have not undertaken to review the evidence, for we are persuaded by a reading of the record below, including the briefs of the parties submitted, that the trial court clearly misapprehended the rule to be applied and that the appellant is entitled to a review which will determine under the proper statutory standard prescribed by § 15.0425(e) whether the challenged finding is "unsupported by substantial evidence in view of the entire record as submitted." State v. Duluth, M. & I. R. Ry. Co. *supra.*

Reversed and remanded.

---

[4] See, Rule 52.01, Rules of Civil Procedure.

MR. JUSTICE WILLIAM P. MURPHY took no part in the consideration or decision of this case.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.