QUINN DISTRIBUTING COMPANY, INC., d.b.a.
QUINN TRANSFER, v. QUAST TRANSFER, INC.

181 N. W. (2d) 696.

November 27, 1970—No. 42115.

*Mackall, Crounse, Moore, Helmey & Holmes* and *Grant J. Merritt,* for appellant.

*Rosen, Ravich & Summers, William S. Rosen,* and *Philip W. Getts,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, Kelly, and Rosengren, JJ.

CHESTER G. ROSENGREN, JUSTICE.*

This case is before this court on an appeal from a judgment of the district court upholding an order of the Public Service Commission granting respondent, Quast Transfer, Inc., a certificate of convenience and necessity to provide regular route common carrier service between the Twin Cities and the town of Lester Prairie. Upon a review of the record presented on this appeal, we affirm the judgment of the district court.

Briefly, the facts of the case are as follows: For over 20 years, Quinn Transfer has served as a certificated regular route common carrier between the Twin Cities and Lester Prairie, Winsted, and a number of smaller surrounding communities. In recent years, Lester Prairie has experienced substantial industrial growth and most of Quinn's shipping business is furnished by businesses located in that town.

Quast Transfer, Inc., has provided regular route common carrier service to Winsted. In 1968, Quast applied to the Public Service Commission under Minn. St. 221.071 for a certificate of convenience and necessity to serve also the town of Lester Prairie, which is 5 miles from Winsted. Quinn protested, and an administrative hearing was held.

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

At that hearing, certain Lester Prairie shippers testified in support of Quinn that the service which Quinn was providing was adequate and satisfactory; in addition, shippers from some of the smaller neighboring communities served by Quinn expressed fear that their service might be impaired if the certificate to Quast were granted.

In support of Quast's application, certain shippers from Lester Prairie testified as to the desirability of having another carrier providing service to the town. Two witnesses, who represented Lester Prairie's two largest manufacturing concerns, cited specific instances of alleged service failures on the part of Quinn. Other witnesses favored the grant of Quast's application on grounds of desirability of competition, the need for one-day service to and from the Twin Cities, and the convenience of having service available from another carrier.

The allegations of service failures were disputed by Quinn, who introduced in rebuttal evidence to the effect that the "failures" had been not its fault, but the fault of other carriers with whom interline connections had been made.

The commission, in an order dated December 10, 1968, granted Quast's application, pointing out that Quast had made a strong showing that "an additional regular route common carrier is required to completely meet the transportation needs of the shipping and receiving public in Lester Prairie."

As permitted under Minn. St. 216.24 and 216.25, Quinn appealed to the district court from the commission's decision. No further evidence was introduced, and after oral argument, the district court entered judgment dismissing the appeal.

Such additional facts as may be relevant to the issues here presented are included in the discussion which follows.

The essence of Quinn's claims on this appeal is as follows: (1) The district court applied the wrong standard of review in considering the administrative determination; and (2) in any event the decision of the commission was arbitrary and capricious or not supported by substantial evidence.

The scope of review of an administrative adjudication by the Public Service Commission is controlled by Minn. St. 15.0425 of the Administrative Procedure Act. Until recently, there was some confusion as to whether review was controlled by that statute or by § 216.25, which provides procedures for appeals to the district court from orders of the Public Service Commission. The question of the scope of review was placed in further doubt due to the fact that in some cases interpreting § 216.25 there was language indicating that appellant had to meet his burden by "clear and convincing evidence" (e. g., State and Port Authority of St. Paul v. N. P. Ry. Co. 229 Minn. 312, 320, 39 N. W. [2d] 752, 757), and that determinations of the commission were to be upheld if there was "any evidence" to justify an inference made by the commission (Dahlen Transport, Inc. v. Hahne, 261 Minn. 218, 223, 112 N. W. [2d] 630, 634).

Any doubts concerning the proper scope of judicial review in this area have recently been resolved by the decision of this court in Minneapolis Van & Warehouse Co. v. St. Paul Terminal Warehouse Co. 288 Minn. 294, 180 N. W. (2d) 175. In that case the commission had found that there were not a sufficient number of permit carriers serving the area in question, and accordingly had granted the application of St. Paul Terminal Warehouse Company for an irregular route common carrier permit. On appeal, the district court affirmed, holding specifically that the scope of review was controlled by the "any-evidence" interpretation of Dahlen, and not by § 15.0425 of the Administrative Procedure Act. Under that approach, the district court affirmed, since there was "some evidence to reasonably justify an inference supporting the finding made by the Commission." 288 Minn. 295, 180 N. W. (2d) 176. The question of the proper standard for review was thus squarely presented to this court on appeal. We reversed the trial court's decision, holding that the scope of review of findings of fact was controlled, not by the "any-evidence" test which may be inferred from Dahlen, but by § 15.0425, which provides that a reviewing court may reverse

or modify the decision of an administrative agency if the administrative findings, inferences, conclusions, or decisions are:

"(e) Unsupported by substantial evidence in view of the entire record as submitted; or

"(f) Arbitrary or capricious."

In holding that the "substantial-evidence" test is now controlling, this court expressly stated that such is the case "despite language to the contrary in any of the prior cases interpreting § 216.25, including any requirement that appellants carry the burden of proof by 'clear and convincing evidence.'" 288 Minn. 298, 180 N. W. (2d) 177.

In the case at hand, it appears that the district court considered the Dahlen case controlling and did not consider the criteria of the Administrative Procedure Act. That conclusion is suggested by the language used in the court's memorandum. The district court, in affirming the order of the commission, made extensive findings of fact and conclusions of law, and in a brief memorandum appended to those findings and conclusions the court, citing Dahlen, stated:

"* * * [T]he judicial inquiry is limited to whether there is any *reasonable* evidence to justify the findings made by the Commission." (Italics supplied.)

Accordingly, appellant argues as a ground for reversal that the district court applied the wrong test respecting the scope of review. As pointed out by this court in Minneapolis Van & Warehouse Co. v. St. Paul Terminal Warehouse Co. *supra,* Dahlen is subject to varying interpretations. It may be construed, as it was by the district court in that case, as standing for an "any-evidence" or "scintilla" approach, in which event its application is clearly inconsistent with the controlling substantial-evidence test of the Administrative Procedure Act. On the other hand, Dahlen's requirement that the evidence be "reasonable" may lend itself to an interpretation consistent with the test which was traditionally applied by our courts prior to enactment

of the Administrative Procedure Act, and that approach, although phrased in many different ways, was described by this court in Minneapolis Van & Warehouse as having been the substantial-evidence rule. Thus, it appears that the mere fact that the district court cited Dahlen does not necessarily indicate that the court applied an improper scope of review. Indeed, the extensiveness of the court's findings and its statement that there was reasonable evidence justifying the commission's findings suggest that the court was in fact applying the traditional test.

Appellant argues that, as in the Minneapolis Van & Warehouse case, the appropriate disposition of this case must be a remand to the trial court for review specifically under the standards of the Administrative Procedure Act. Even if it is assumed that the district court here mistakenly thought an "any-evidence" test controlling, it is clear that no purpose would be served by a remand. The district court in this case did not reach its decision simply by perusing the record, finding "some" evidence in support of the commission, and therefore affirming the commission's decision. Rather, the trial court here made extensive and specific findings with regard to the evidence which had been presented to the commission. Thus, this court is able to determine whether the "substantial-evidence" test was in fact satisfied by the evidence submitted.

A review of the record makes it clear that the order of the Public Service Commission was not unsupported by substantial evidence.

The district court found, in brief, that the evidence received by the Public Service Commission established that same-day service to and from the Twin Cities was needed and would be supplied by Quast; that deficiencies in existing service had required Lester Prairie shippers to operate their own trucks to transport commodities between the Twin Cities and Lester Prairie; that Lester Prairie generated enough traffic to support two regular route common carriers; that no traffic would be diverted from rail carriers; and that Quinn would continue to re-

ceive a significant amount of traffic. Appellant disputes some of these findings, particularly those indicating that existing service was inadequate, and introduced before the commission evidence in rebuttal of them.

Appellant's arguments thus go to the question of whether the facts presented to the commission supported its conclusions, or whether the rebuttal evidence introduced by appellant required that a different conclusion be reached. Section 15.0425 provides that a court may reverse an agency decision if the decision was "unsupported by substantial evidence in view of the entire record as submitted." Even though that "substantial-evidence" test may be more restrictive than the "any-evidence" or "scintilla" approach, it is clear that under that provision there must remain a substantial judicial deference to the fact-finding processes of the administrative agency. See, for example, Gibson v. Civil Service Board, 285 Minn. 123, 126, 171 N. W. (2d) 712, 715, in which this court, reviewing under § 15.0425 a decision of the State Civil Service Commission, stated:

"* * * The functions of factfinding, resolving conflicts in the testimony, and determining the weight to be given to it and the inferences to be drawn therefrom rest with the administrative board. * * *

"The strictures of this type of judicial review require that both the trial court and this court refrain from substituting their judgment concerning the inferences to be drawn from the evidence for that of the agency. Unless there is manifest injustice, this limitation applies even though it may appear that contrary inferences would be better supported or we would be inclined to reach a different result, were we the triers of fact."

It has been expressly held by this court that determination of public convenience and necessity under § 221.071 is an issue of fact to be determined by the commission. Monson Dray Line v. Murphy Motor Freight Lines, 259 Minn. 382, 387, 107 N. W. (2d) 850, 853. Although that case was decided prior to enactment of §§ 15.0424 and 15.0425 of the Administrative Procedure Act,

it does not appear that subsequent cases have altered our characterization of the determination as one presenting a question of fact. Indeed, emphasis that the "substantial-evidence" rule is controlling (Minneapolis Van & Warehouse Co. v. St. Paul Terminal Warehouse Co. *supra*) seems implicitly to reaffirm that determination of public convenience and necessity is an issue of fact.

Viewing the case at hand in light of the foregoing approach to review of questions of fact, it seems clear that appellant here has presented nothing which requires that the commission's decision be reversed. The most which can be said in favor of appellant's position is that it has established that there was a conflict of evidence before the commission, and that evidence supporting appellant was such that perhaps the commission reasonably could have denied Quast's application. For example, certain Lester Prairie shippers indicated failures of service on the part of Quinn; Quinn offered evidence in rebuttal. Similarily, certain of Quinn's witnesses from surrounding communities expressed fear that granting Quast's application would reduce Quinn's business such that its services to surrounding communities would be cut back.

In order to maintain an appropriate balance between the functions of administrative agencies in discharging their delegated functions and the functions of courts in reviewing the adjudicative determinations of such agencies, it is necessary that courts approach with some deference the conclusions reached by such agencies in resolving conflicts in evidence and testimony. Because appellant points to no error of law on the part of the agency, it seems clear that the need for judicial deference to administrative factfinding, as expressed in Gibson v. Civil Service Board, *supra,* is sufficient to preclude reversal.

Furthermore, it should be noted that even if the factual assertions urged by Quinn were accepted, that evidence would not be determinative of the legal issue presented in this case. An examination of existing Minnesota case law respecting the granting

of certificates of public convenience and necessity makes clear that the commission's decision here could be justified and affirmed even if appellant's view of the evidence were accepted. For example, appellant argues at length that it was erroneous to conclude that existing service was inadequate. That argument assumes too much weight for a single criterion.

Even if Quinn's service had been always completely exemplary and even if Quinn were able to expand its services according to increasing demand, the commission could still reasonably conclude that a grant to another carrier would be in the public convenience and necessity. Appellant argues that Monson Dray Lines v. Murphy Motor Freight Lines, *supra,* requires that before the commission may properly grant a certificate to an additional carrier, it must appear that existing service is inadequate. Fairly read, however, that opinion represents no such proposition, for the issue in that case was inherently different from the one here presented. There, an applicant appealed from a denial of a certificate, and the issue presented was whether there was evidence to establish that a grant to another carrier was required. The opinion may be read as stating that if it is shown that existing service is inadequate and unsatisfactory, the commission is *required* to issue a certificate of public convenience and necessity; the opinion does *not* say that the commission cannot so issue a certificate unless existing service is inadequate. Indeed, it was subsequently held by this court in Dahlen Transport, Inc. v. Hahne, 261 Minn. 218, 225, 112 N. W. (2d) 630, 635, that even if existing transportation is adequate, the commission is not deprived of authority to issue additional certificates. In that case, the court stated:

"Appellants' error lies in the assumption that a finding of necessity must be based on the inability of present certificated haulers to handle the existing business. While it is true that present ability to handle existing business is an important criterion in determining necessity, it is by no means exclusive. If that were true, the first certificated hauler would always have

a monopoly in a given territory upon a mere showing that he could furnish sufficient equipment to haul all traffic available for transportation. * * *

"The term 'convenience and necessity' is an elastic one for which no definite rule can be stated that will apply to all cases. Each case must stand on its own facts, and the commission must be given some latitude in applying the yardstick. The mere existence of adequate transportation in an area does not deprive the commission of all authority to issue additional certificates of convenience and necessity if it is for the good of the public to do so." 261 Minn. 224, 112 N. W. (2d) 635.

See, also, Rock Island Motor Transit Co. v. Murphy Motor Freight Lines, Inc. 229 Minn. 291, 40 N. W. (2d) 896, in which the court stated that the commission's finding that a grant of new service would fulfill a public need and would be convenient was sufficient and that it was not necessary to find that existing service was inadequate.

Appellant urges several other factual assertions, which, if accepted, would tend to contradict the findings of the commission and the district court. At best, however, all that may be shown is a mere conflict in the evidence placed before the commission and reviewed by the district court pursuant to § 15.0425. This court affirmatively determines that in view of the record as a whole the Public Service Commission's order was supported by substantial evidence and was not arbitrary or capricious. Accordingly, the judgment of the district court must be affirmed.

Affirmed.