BUFFALO CREEK WATERSHED DISTRICT v. MINNESOTA WATER RESOURCES BOARD.
ARDIS HOLVERSTEN AND OTHERS, APPELLANTS.

188 N. W. (2d) 923.

July 23, 1971—No. 42795.

*Willette, Zeug & Kraft* and *James E. Zeug,* for appellants.

*Popham, Haik, Schnobrich, Kaufman & Doty, Raymond A. Haik, Gary R. Macomber, Keefe, Schantzen & Bradford,* and *John E. Keefe,* for respondent petitioners.

*Warren Spannaus,* Attorney General, and *William G. Peterson,* Special Assistant Attorney General, for respondent board.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

Per Curiam.

Appeal from an order of the district court affirming findings of fact, conclusions of law, and order of the Minnesota Water Resources Board establishing the Buffalo Creek Watershed District. The appellants, who

are mostly property owners from the upland area of the proposed project in Renville County, complain that the board acted arbitrarily.

Minn. St. 112.36 provides that a watershed district may be established for one or more conservation purposes, including control or alleviation of damage by flood waters; improvement of stream channels for drainage and other public purposes; regulating the flow of the waters; providing and conserving a water supply for recreational uses; regulating the use of waters for the purpose of disposing of waste and providing for sanitation and public health; repairing, improving, or consolidating drainage systems; adoption of preventative or remedial measures for the control or alleviation of land and soil erosion and siltation of watercourses or bodies of waters affected thereby; and regulating improvements by landowners of the beds, banks, and shores of lakes, streams, and marshes.

In acting upon a petition for the establishment of a watershed district, the Minnesota Water Resources Board is required to determine (a) whether the establishment of a watershed district "would be for the public welfare and public interest," and (b) whether "the purpose of this chapter would be subserved by the establishment of a watershed district." Section 112.39, subd. 3. After extended hearings in this case, the board made complete findings of fact and acted affirmatively on both issues. The evidence supporting the findings establishes that the water-related problems existing in the Buffalo Creek Watershed District are proper subjects of regulation. Section 112.36. The public purpose element of § 112.39, subd. 3, must be viewed in the light of the legislative declaration in § 112.34, subd. 1, that "conservation of the natural resources * * * through land utilization [and] flood control * * * for the protection of the public health and welfare" should be effectuated by watershed districts. The requirement that the board find whether the establishment of a watershed district "would be for the public welfare" is satisfied if the board finds that a proposed watershed district will effectively serve and promote the conservation purposes enumerated in § 112.36.

It is unnecessary to set forth and discuss the comprehensive findings of the board which support the granting of the petition. It is sufficient to say that those findings are amply supported by the record. The appellants, as owners of upland property, do not desire to participate in the development of the plan for the management and correction of water problems of the entire watershed. From an examination of the record, we do not think there is sufficient substance to their objections to defeat the actions of the board which carry out the express policy of the legislature that watersheds are the proper vehicle for dealing

with a totality of water problems in a watershed district. On appeal to the district court from the findings and order of the commission, a panel of judges constituted to hear the matter expressed this view:

"* * * The fact that approximately 700 landowners and most, if not all, of the townships affected in Renville County are opposed to the establishment of this watershed district of itself does not indicate that the board action was capricious or arbitrary. The principal basis of the objection of the petitioners is that Buffalo Creek in Renville County has been so improved that the landowners in the watershed area have no substantial water problems. On the other hand, McLeod, Sibley and Carver Counties have done nothing to improve the channel of Buffalo Creek. It is not unreasonable to assume that if and when the lower reaches of Buffalo Creek are improved that the landowners on the Little Crow will have the problems that the landowners in McLeod, Sibley and Carver Counties are having now. However, there is much more involved in a watershed district than drainage, all of which is set out in M. S. 112.36. Taking all of the purposes of the Watershed Act into consideration we cannot hold that the evidence does not sustain the Findings, nor can we hold that the action of the Board was arbitrary and capricious."

The scope of judicial review of administrative decisions is limited. In the recent case of Gibson v. Civil Service Board, 285 Minn. 123, 127, 171 N. W. (2d) 712, 715, we stated:

"The functions of this court as applied to the matter before us are to determine whether the board's action was arbitrary and capricious and whether there is substantial evidence, considering the record as a whole, to sustain the decision of the Civil Service Board. The evidence must be considered in the light most favorable to the board as the prevailing party."

In Minneapolis Van & Warehouse Co. v. St. Paul Terminal Warehouse Co. 288 Minn. 294, 299, 180 N. W. (2d) 175, 178, we expressed the view that the main inquiry on appeal is " 'whether on the record * * * [the commission] could reasonably make the finding.' " 4 Davis, Administrative Law Treatise, § 29.01. This court further stated (288 Minn. 299, 180 N. W. [2d] 178):

"* * * The burden is upon the appellant to establish that the findings of the commission are not supported by the evidence in the record, considered in its entirety. If the evidence is conflicting or the undisputed facts permit more than one inference to be drawn, the findings

of the commission may not be upset and the district court may not substitute its judgment for that of the commission."

Appellants have not established that the finding of the board that "[t]he proposed watershed district will be for the public welfare and in the public interest and the purposes of the Minnesota Watershed Act will be subserved by the establishment of the watershed district" is not supported by the evidence in the record, considered in its entirety.

Affirmed.