POLK COUNTY WELFARE BOARD v. STATE, DEPARTMENT OF
PUBLIC WELFARE, AND ANOTHER.
JOSEPH LEPAK, APPELLANT.
POLK COUNTY WELFARE BOARD v. STATE, DEPARTMENT OF
PUBLIC WELFARE, AND ANOTHER.
ESTHER AAKHUS, APPELLANT.

223 N. W. 2d 137.

October 25, 1974—Nos. 44631, 44632.

*Gray, Plant, Mooty & Anderson* and *Robert V. Bolinske,* for appellants.
*John A. Winters,* County Attorney, for respondent Polk County Welfare Board.

514

Per Curiam.

This case involves the eligibility of appellants, two elderly persons, for medical assistance as established for needy persons pursuant to Minn. St. c. 256B. Applications for such medical assistance were filed with respondent Polk County Welfare Department. The Polk County Welfare Department determined both applicants were ineligible. The nursing home that provided medical care to appellants requested a hearing before the commissioner of public welfare to review the denial of eligibility. After hearing, the commissioner reversed the county welfare board and declared both applicants eligible for medical assistance.

Pursuant to Minn. St. 256B.11, the decision of the commissioner was appealed by the county welfare board to the District Court of Polk County. The district court ordered the taking of new or additional evidence since "some of the Findings [of the commissioner] are not supported by substantial evidence; that much of the hearsay evidence in the record does not have such probative value as is commonly accepted by reasonable men in the conduct of their affairs, and that additional and better evidence can and should be had." The parties failed to heed the recommendation by the district court and submitted the case for decision without introducing any new or additional evidence.

Upon review of the record, the district court declared the order of the commissioner of public welfare to be unsupported by substantial evidence and accordingly null and void. This appeal was taken on behalf of appellants by the nursing home which had provided the medical care.

There is no dispute that appellants or someone in their behalf had the burden of proving before the commissioner that they intended to establish an abode in Minnesota in order to qualify for medical assistance. Both appellants were long-time residents in North Dakota. They were moved from North Dakota to a nursing home in East Grand Forks, Minnesota. Both appellants, by reason of their advanced age and deterioriated physical condition, were incapable of making a decision on their own behalf. The record of the evidence presented to the commissioner of public welfare on the issue of intent to change the place of abode was, as stated by the district court, hearsay, and "does not have such probative value as is commonly accepted by reasonable men in the conduct of their affairs."

Section 256B.11 limits the scope of review open to the district court in medical assistance appeals to the issue as to whether the order of the state agency was based upon an erroneous theory of law or was arbitrary, capricious, or unreasonable. Section 15.0425 also defines the scope of review in any proceedings for judicial review by any court of deci-

sions of any agency. The latter indicates that a court may reverse an agency decision if the decision is "unsupported by substantial evidence in view of the entire record as submitted."

Thus two standards for review are presented. This court has heretofore considered and resolved the issue where two standards for review are fixed by statute. Quinn Distributing Co. Inc. v. Quast Transfer, Inc. 288 Minn. 442, 181 N. W. 2d 696 (1970). The proper standard for review is that fixed by § 15.0425, which provides that a reviewing court may reverse the decision of an administrative agency if the administrative findings are—

"(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary or capricious."

We must agree with the district court that the decision of the commissioner is unsupported by substantial evidence on the record as submitted.

In addition, as pointed out by the district court, there was in both cases a failure of compliance with § 256B.21 relating to the giving of notice of change of residence and of declaring whether the removal to another county is temporary or for purposes of residency therein.

Affirmed.