In the Matter of the Application of Reserve Life Insurance Company for Approval of Policy and Application Forms CA82, AL9085, AL9185, PDI85, PRT85 and PUL85: RESERVE LIFE INSURANCE COMPANY, Relator,

v.

COMMISSIONER OF COMMERCE, Respondent.

No. C2–86–1891.

Court of Appeals of Minnesota.

March 24, 1987.

Review Denied May 20, 1987.

Christopher J. Dietzen, John E. Diehl, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, for relator.

Hubert H. Humphrey, III, Atty. Gen., John C. Bjork, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by HUSPENI, P.J., and PARKER and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Reserve Life Insurance Company appeals from a decision of the Commissioner of Commerce disapproving several of its insurance applications and forms. Reserve claims the agency's decision was unsupported by substantial evidence, arbitrary and capricious, and based on an erroneous theory of law. It also argues the Commerce Department based its decision in part on an illegal, unpromulgated rule. We affirm.

## FACTS

This appeal involves an application by Reserve Life Insurance Company (Reserve) for approval of a number of insurance application and policy forms pursuant to Minn.Stat. §§ 61A.02 and 62A.02. The Commissioner of Commerce disapproved three of the application forms for life and health insurance which required applicants to reveal one-time use of a nonprescription drug. The agency determined such a requirement was unfair and contrary to public interest. The Commissioner also disapproved a life insurance policy form as un-

fair and inequitable because it: (1) contained an accidental death benefits rider, which excluded benefits payable for losses caused directly or indirectly by an insured's intoxication, and (2) did not contain the required statutory language regarding payment of claims under Minn. Stat. § 61A.03, subd. 1(i). The Commissioner further determined that it would be unfair and misleading for Reserve to use a proposed endorsement to supply the statutory language for the policy. Finally, the Commissioner disapproved a disability insurance policy and a life insurance policy form because they both included a promotional letter to policyholders on the back of the outside page of the insurance contract. This letter warned policyholders to be cautious about canceling the policy. The Commissioner ordered that all application forms be rejected and this appeal followed.

## ISSUES

1. Is the Commissioner's decision supported by substantial evidence in the record?

2. Is the Commissioner's decision based on an invalid, unpromulgated rule?

## ANALYSIS

We will not disturb a decision of an administrative agency unless it is:

(a) In violation of constitutional provisions; or

(b) In excess of the statutory authority or a jurisdiction of the agency; or

(c) Made upon unlawful procedure; or

(d) Affected by other error of law; or

(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary and capricious.

Minn.Stat. § 14.69 (1986). It is well settled that agency decisions enjoy a presumption of correctness. *Crookston Cattle Co. v. Minnesota Department of Natural Resources,* 300 N.W.2d 769, 777 (Minn.1980). We must affirm if the agency has engaged in reasoned decision-making. *Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 825

(Minn.1977). Where evidence is conflicting or more than one inference may be drawn from the undisputed facts, the agency's decision may not be overturned. *Minneapolis Van and Warehouse Co. v. St. Paul Terminal Warehouse Co.*, 288 Minn. 294, 299, 180 N.W.2d 175, 178 (1970). Additionally, the burden is on Reserve to establish that the Commissioner's findings are not supported by evidence on the record. *Id.*

In disapproving each of the forms at issue in this appeal the Commissioner determined they were unfair, inequitable or misleading. Minn. Stat. § 61A.02, subd. 3 (1986) governs life insurance applications and policies requiring the Commissioner of Commerce to disapprove a form if, among other things, "it contains a provision or provisions which are unlawful, unfair, inequitable, misleading, or encourages misrepresentation of the policy, or * * * if the form or its provision is otherwise not in the public interest." *Id.* Accident and health insurance application forms and policies are governed under Minn. Stat. § 62A.02, subd. 3 (1986), which requires the Commissioner of Commerce to disapprove a form if "it contains a provision or provisions which are unjust, unfair, inequitable, misleading, deceptive or encourage misrepresentation of the policy."

■ 1. The Commissioner disapproved Reserve's policy forms containing a question requiring applicants to reveal one-time use of a nonprescription drug because he determined they were unfair and contrary to public interest. Reserve claims that information concerning one-time drug use is pertinent to morbidity, the risk of becoming sick or injured, and mortality, the risk of death. The Commissioner concluded that the information regarding such one-time use of a drug "is not needed to underwrite Reserve's policies and was not shown to be material to acceptance of insurance applications." Because we find Reserve has not established the materiality of the proposed question, we affirm the decision of the Commissioner on this issue.

■ The Commissioner also found that form PUL85, a life insurance policy filed with an accidental death benefits rider excluding coverage for intoxication, is unfair and inequitable. Reserve argues that concerns about discriminatory administration of this contract are misplaced because there is nothing in the record to indicate a denial of double indemnity in cases involving intoxication would be discriminatory. The Commissioner based its rejection in part upon the public policy against exclusions in accident and health insurance policies. Since the Department of Commerce may consider whether a term or provision of an insurance form is in the public interest and Reserve has not met its burden of proving that the rider is proper, we affirm the Commissioner's decision on form PUL85.

■ The Commissioner also rejected Reserve's proposal for an endorsement for this policy. Minn. Stat. § 61A.03, subd. 1(i) (1986) requires the following clause be included within the insurance contract itself:

> [W]hen a policy becomes a claim by the death of the insured, settlement will be made within two months after receipt of due proof death.

Reserve recognizes its statutory obligation to include the provision in the contract, but claims that incorporating the provision would be expensive. Instead, Reserve proposed to include the statutory language in the form of an endorsement. The Commissioner determined that such an endorsement was unacceptable. We can not say the agency's finding that such an endorsement would be unfair and misleading is arbitrary or capricious.

■ Finally, the Commissioner disapproved both a disability insurance policy and a life insurance policy because they included a policyholder letter printed directly on the forms. The letter warned policyholders to be cautious about canceling the policy. The Commissioner concluded these policies "should be rejected as being misleading and unfair." Again, this type of decision is well within the Commissioner's

discretion, and we find that such a decision is not arbitrary or capricious.

2. Reserve also contends the Commissioner's decision is invalid for failure to comply with the Minnesota Administrative Procedure Act (MAPA), Minn. Stat. §§ 14.-01-14.69 (1986). Reserve claims that disapproval of the insurance forms by the Commissioner constituted application of policies that fall within the definition of a rule. Such a rule would require compliance with the MAPA. The Commissioner concedes that no such rule was ever adopted in accordance with the MAPA.

Minn. Stat. § 14.02, subd. 4 (1986) defines an administrative rule to mean "every agency statement of general applicability and future affect * * * adopted to implement or make specific the law enforced or administered by it or to govern its organization or procedure." In *McKee v. Likins*, 261 N.W.2d 566 (Minn.1977) the Commissioner of Public Welfare circulated a bulletin regarding the scope of benefits under the State's medical assistance program. The court found that there were no exceptions from the statutory procedure for promulgation of rules to protect the Commissioner's bulletin. *Id.* at 577. There the court stated:

> Upon reflection it is obvious that the legislative scheme in so defining rule was to include the agency activities within the general definition of "rule" and then to exclude such specific activity as it deemed beneficial to the concerns of efficient government and public participation. Thus, there can be no doubt initially that the policy bulletin falls within the general definition of rule.

*Id.* (citations omitted).

■ However, an agency may formulate policy by promulgating rules or by case-by-case determinations; the agency has discretion to decide what method is appropriate in a particular situation. *Bunge Corp. v. Commissioner of Revenue*, 305 N.W.2d 779, 785 (Minn.1981). In this case the legislature has given the Commissioner a great deal of discretion under section 61A.02 and 62A.02. The statutes'

standards of "unfair, inequitable, misleading (and) deceptive" necessitate a certain amount of interpretation. It is reasonable for the Commissioner to make such interpretations and decisions on a case-by-case basis. It would be nearly impossible for the Commissioner to apply additional rules in interpretation of these statutes in light of the various situations which arise requiring department evaluation. Because the agency decided the validity of these policies on a case-by-case basis, the rulemaking requirements of the MAPA are inapplicable.

■ Finally, the Commissioner claims Reserve violated Minn. R. Civ.App.P. 128.-02, subd. 3 by raising new issues in its reply brief and that the reply brief exceeds the page limit under Minn.R.Civ.App.P. 132.01, subd. 3. Although the material would not change our decision, we agree with the Commissioner and accordingly grant his motion to strike.

### DECISION

Reserve has not met its burden of establishing the evidence does not support the Commissioner's findings. The Department of Commerce did not rely on an invalid rule in making its decision, but instead properly chose to formulate policy through a case-by-case determination.

Affirmed.