Martin John KERSTEN, Appellant,

v.

The MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Respondent.

No. C6–98–2080.

Court of Appeals of Minnesota.

June 1, 1999.

Robert E. Wilson, Minneapolis, for appellant.

James R. Crassweller, Christopher J. Melsha, Doherty, Rumble & Butler, P.A., St. Paul, for respondent.

Considered and decided by CRIPPEN, Presiding Judge, AMUNDSON, Judge, and, SHUMAKER, Judge.

## OPINION

CRIPPEN, Judge.

The trial court dismissed by summary judgment appellant Martin Kersten's claim that respondent Minnesota Mutual breached its insurance contract when it discontinued payment of disability benefits. Appellant challenges (a) the legal conclusion that his psychological disability is an excluded preexisting condition; and (b) the conclusion on the facts that he failed to prove his disability still existed when disability benefits were terminated.

We reverse and remand for trial proceedings on disputed evidentiary issues.

## FACTS

In September 1985, appellant purchased a disability policy from respondent Minnesota Mutual. Eight years later, appellant sustained personal injuries as a result of an automobile accident. Appellant collected benefits under the policy from November 1993 to September 1995, when payments were terminated based on respondent's claim that appellant's disability had ended. In August 1997, appellant initiated this suit.

The trial court first determined that appellant was collaterally estopped from claiming a disability to the extent that it was caused by the September 1993 accident. In 1996, arbitrators had determined in a no-fault proceeding that appellant was entitled to no damages in addition to the no-fault benefits that he had already received.

The court also rejected appellant's claim that he remained disabled due to a psychological condition that was independent of the suffering connected with the accident. The trial court held that: (a) this condition was not covered because it existed before the purchase of the policy in 1985; and (b) as a matter of fact, appellant failed to present any evidence that the condition disabled him when benefits were terminated in October 1995.

■ Appellant acknowledges that he may be collaterally estopped from claiming a condition that is causally related to the automobile accident. But he claims that there is a genuine issue of material fact as to whether, independent of the accident, he is entitled to coverage for a psychological condition.[1] He asserts that: (a) Minn.Stat. 62A.04, subd. 2 (1998), mandates an incontestability clause that defeats the trial court's legal theory on coverage;[2] and (b) there is evidence of record such that the court erred in determining that he was no longer disabled.

## ISSUES

1. Did the trial court err in its legal conclusion that the policy does not cover a preexisting psychological condition?

2. Does the record show a genuine issue of material fact as to whether appellant suffered from a psychological disability in October 1995?

## ANALYSIS

■ On an appeal from a summary judgment, we determine whether the trial court erred in its application of the law and whether there are any genuine issues of material fact. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). In

---

1. Before the trial court, appellant also asserted a preexisting degenerative disk disease. That assertion is abandoned on appeal where appellant has briefed only his psychological condition. *See Balder v. Haley*, 399 N.W.2d 77, 80 (Minn.1987) (failure to brief argument before court of appeals may result in waiver).

2. Appellant does not contend that he has established at this stage of the proceedings that his claimed disability, which he says is independent of the accident, arose from conditions first manifested after 1985. It is now immaterial whether that condition was first manifested before or after 1985.

doing so, we must view the evidence in a light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993) (citation omitted).

**1.**

■ The disability policy provides coverage for a sickness, which is defined in part as "[a] disease or illness which first manifests itself while this policy is in force." Appellant disputes the denial of coverage based upon this definition by pointing to Minn.Stat. § 62A.04, subd. 2, which declares that a disability policy shall provide that after two years from the date of issuance of the policy, no claim can be denied on a preexisting condition that is "not excluded from coverage by name or specific description." [3]

■ The construction of a statute is a question of law, fully reviewable by this court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

Neither the trial court nor respondent questions that the incontestability clause in the policy is inconsistent with the mandate of the statute. Examining this conflict, the court observed that the commissioner had approved the policy with the provision in question. But the record shows that: (a) the commissioner disapproved the policy form if the intent was never to cover a pre-existing condition under a disability income policy that did not, at the time of issuance, exclude that condition by name or specific description; and (b) the Department of Commerce does not have any written record of receiving or approving the policy form.[4]

Citing a Fifth Circuit case, respondent argues that the mandatory incontestability clause and the "first manifest" requirement under its definition of sickness are not inconsistent with each other. *See Massachusetts Cas. Ins. Co. v. Forman*, 516 F.2d 425, 428 (5th Cir.1975) (holding that the incontestability provisions of the policy did not cause a preexisting illness to be covered because the illness "first manifested" itself before the policy became effective), *cert. denied*, 424 U.S. 914, 96 S.Ct. 1114, 47 L.Ed.2d 319 (1976). The *Massachusetts Casualty* holding cannot be followed in the context of Minnesota's statutory law. We cannot ignore the plain language of Minn.Stat. § 62A.04. *See State by Beaulieu v. RSJ, Inc.* 552 N.W.2d 695, 701 (Minn.1996) (if statute is unambiguous, a court must apply its plain meaning and may engage in no further statutory construction).

**2.**

■ Appellant contends that the affidavit submitted by Dr. Thomasson raises a genuine issue regarding his October 1995 condition. The affidavit says that in Octo-

---

3. Minn.Stat. § 62A.04, subd. 2, provides:

Required provisions. Except as provided in subdivision 4 each such policy delivered or issued for delivery to any person in this state shall contain the provisions specified in this subdivision in the words in which the same appear in this section. The insurer may, at its option, substitute for one or more of such provisions corresponding provisions of different wording approved by the commissioner which are in each instance not less favorable in any respect to the insured or the beneficiary.

&ast; &ast; &ast; &ast;

(2) A provision as follows:
&ast; &ast; &ast; &ast;

(b) No claim for loss incurred or disability (as defined in the policy) commencing after two years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy.

4. Minn.Stat. § 62A.02, subds. 1–2 (1998), require that a health plan form shall not be issued until after it has been filed with the commissioner and approved by the commissioner. If the policy contains provisions that do not comply with chapter 62A, the commissioner is required to disapprove the form. *See* Minn.Stat. § 62A.02, subd. 3 (providing standards for disapproval); *see also In re Application of Reserve Life Ins. Co.*, 402 N.W.2d 631 (Minn.App.1987) (discussing commissioner's power to disapprove policy forms under Minn.Stat. 62A.02).

ber 1995, and since then, appellant has continuously been suffering from a disabling psychological illness. Respondent first argues that admission of the affidavit is insufficient to create a genuine issue of material fact because it is a contradiction of earlier documents produced by the same witness. To support this argument, respondent cites *Banbury v. Omnitrition Int'l, Inc.*, 533 N.W.2d 876, 881 (Minn.App. 1995) (same principle); but that case governs prior sworn testimony in a deposition and is inapplicable here. The earlier documents respondent refers to consist of forms provided by respondent, on which Dr. Thomasson reports that appellant remains disabled, that his physical impairment is severe but that his depression is "under control." The form does not indicate whether or not this control is due to ongoing treatment. Whatever conclusions might be drawn from the form, Dr. Thomasson's later affidavit establishes a genuine issue of material fact as to whether appellant suffered from a psychological disability in October 1995.

Respondent contends that the Thomasson affidavit is not part of the record because it was not submitted until after July 21, 1998, when the trial court granted the summary judgment motion. On July 27, 1998, appellant submitted a letter to the trial court arguing that he had been deprived of his opportunity to respond to respondent's "additional reply memorandum." In a reply letter, dated August 13, 1998, the trial court stated that it would allow the parties to come in on August 31, 1998 "to complete their record." [5]

The affidavit of Dr. Thomasson, dated August 28, 1998, and delivered to the trial court on August 31, was incorporated into an affidavit of appellant's counsel. On September 4, the trial court denied appellant's request for leave to file a motion to reconsider but expressly acknowledged having examined the affidavit of appellant's counsel, which included the affidavit of Dr. Thomasson. It is evident that the court considered the merits of its earlier decision as part of its assessment of cause for hearing a motion to reconsider and even more evident that the court received the additional evidence as part of the record in the summary judgment motion proceedings.

■ Respondent also argues that appellant never stated a claim for disability based on a "sickness." The trial court considered appellant's argument that he was disabled as a result of a psychological condition. Respondent failed to raise an objection that this was either beyond proof of loss or the pleadings; therefore, this argument is waived on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (matters not argued and considered in the court below will generally not be considered on appeal).

## DECISION

Minn.Stat. § 62A.04, subd. 2, requires that an insurance policy must contain an incontestability clause that precludes, two years after the issuance of the policy, denial of coverage because of a preexisting condition. This prevents denial of coverage based on a policy's definition of sickness requiring that a preexisting illness must "first manifest" itself while the policy is in force. The trial court erred in concluding that the policy precludes coverage of a preexisting psychological condition.

Because the record shows a genuine issue of material fact as to whether appellant suffered a psychological disability in October 1995, we reverse and remand for trial on the disputed fact issues, namely, (a) whether appellant remained disabled in October 1995; and (b) whether that disability was due to causes other than the 1993 accident.

**Reversed and remanded.**

---

**5.** The trial court treated counsel's letter as a request for leave to file a motion for reconsideration and subsequently denied the request under Minn. R. Gen. Pract. 115.11.