*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1997**

Antionette Dunn,
Relator,

vs.

Caremate Home Health Care, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed July 7, 2014
Affirmed
Klaphake, Judge[*]**

Department of Employment and Economic Development
File No. 31399502-2

Antionette Dunn, Brooklyn Park, Minnesota (pro se relator)

Caremate Home Health Care, Inc., St. Paul, Minnesota (respondent)

Lee B. Nelson, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

        Considered and decided by Worke, Presiding Judge; Stauber, Judge; and

Klaphake, Judge.

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KLAPHAKE**, Judge

Relator Antionette Dunn challenges the unemployment law judge's (ULJ) determination that she is ineligible to receive unemployment benefits, arguing that the record does not support the decision.  We affirm.

**D E C I S I O N**

The ULJ issued a decision in this case concluding that "Dunn is ineligible to receive unemployment benefits" because she "has not been available for suitable employment."  Dunn argues that "the record does not reasonably support the decision of the [ULJ]" and that she "was available for suitable employment."  This court may reverse or modify a ULJ's decision "if the substantial rights of the petitioner may have been prejudiced because the findings, inferences, conclusion, or decision" are, among other things, affected by an error of law or "unsupported by substantial evidence in view of the entire record as submitted."  Minn. Stat. § 268.105, subd. 7(d)(4)-(5) (2012).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Minneapolis Van & Warehouse Co. v. St. Paul Terminal Warehouse Co.*, 288 Minn. 294, 299, 180 N.W.2d 175, 178 (1970) (quotation omitted).

Under Minnesota Statutes section 268.085, subdivision 1, "[a]n applicant may be eligible to receive unemployment benefits for any week if . . . the applicant was available for suitable employment as defined in subdivision 15."  Minn. Stat. § 268.085, subd. 1(4) (2012).

"Available for suitable employment" means an applicant is ready, willing, and able to accept suitable employment. The attachment to the work force must be genuine. An applicant may restrict availability to suitable employment, but there must be no other restrictions, either self-imposed or created by circumstances, temporary or permanent, that prevent accepting suitable employment.

*Id.* subd. 15(a) (2012). "This court views the ULJ's factual findings in the light most favorable to the decision. This court also gives deference to the credibility determinations made by the ULJ. As a result, this court will not disturb the ULJ's factual findings when the evidence substantially sustains them." *Peterson v. Nw. Airlines Inc.*, 753 N.W.2d 771, 774 (Minn. App. 2008) (citations omitted), *review denied* (Minn. Oct. 1, 2008). But "[w]e review de novo a ULJ's determination that an applicant is ineligible for unemployment benefits." *Stassen v. Lone Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 30 (Minn. App. 2012).

The ULJ found that Dunn declined an offer to work for 10 additional hours each week because she was spending time caring for her stepdaughter, who had been in an automobile accident. The ULJ also found that Dunn's employer, respondent Caremate Home Health Care, Inc., left several messages again offering additional work, and that Dunn again declined and again explained that she could not accept the work because of the extra time she was spending caring for her stepdaughter. Dunn challenges these findings, arguing that (1) she was not caring for her stepdaughter beyond the 31.5 hours a week Caremate authorized and that the ULJ simply "presupposed that more care was being provided to [her stepdaughter]"; and (2) she turned down only one offer for

3

additional hours and "never heard from [Caremate]" regarding "other patients and hours" and did not receive any messages.

Dunn's arguments are not persuasive. The evidence presented at the hearing substantially supports the ULJ's finding that Dunn told Caremate she could not take additional hours because she was caring for her stepdaughter. The Caremate staffing coordinator testified at the hearing that she "was told by Ms. Dunn . . . that she was spending more time with her [stepdaughter] because of this accident," and that on March 11, 2013, Dunn informed Caremate that she could not work with the new client because her stepdaughter "had had this accident" and Dunn "was spending more time with her."

The evidence presented at the hearing also supports the ULJ's findings that Caremate left messages offering additional work on April 24, 25, and 29, and that Dunn again declined the work. The staffing coordinator testified that she left messages for Dunn offering work on April 24, 25, and 29. The staffing coordinator further testified that Dunn called on May 29 and said "she wasn't avoiding the offer. She just couldn't accept them because of the extra hours she was with [her stepdaughter]."

Although Dunn testified that she was available for suitable work, the ULJ concluded that Dunn's testimony was not "as plausible, believable, or credible" as Caremate's witnesses on this point because Caremate's witnesses "provided testimony that is corroborated by their written submissions and that is a more logical version of events than Dunn's self-serving denial." The ULJ further concluded that "[i]t is not believable or credible that Dunn would limit her assistance to her stepdaughter to only 31.5 hours a week; rather, it is more likely true than not that Dunn has been helping her

4

stepdaughter more than that." We defer to the ULJ's credibility determination. *See McNeilly v. Dep't. of Emp't & Econ. Dev.*, 778 N.W.2d 707, 710 (Minn. App. 2010). ("This court . . . gives deference to the credibility determinations made by the ULJ."); *Ywswf v. Teleplan Wireless Servs., Inc.*, 726 N.W.2d 525, 533 (Minn. App. 2007) (stating that this court will affirm if "[t]he ULJ's findings are supported by substantial evidence and provide the statutorily required reason for her credibility determination").

Dunn does not challenge whether the offered work constituted "suitable employment" within the meaning of the statute. And because Dunn repeatedly turned down Caremate's offers to work more hours in order to provide care for her stepdaughter, it is clear that Dunn was not "ready, willing, and able to accept suitable employment." *See* Minn. Stat. § 268.085, subd. 15(a); *Hansen v. Cont'l Can Co.*, 301 Minn. 185, 187, 221 N.W.2d 670, 672 (1974) ("A claimant may not limit [his] availability because of personal or domestic reasons unrelated to [his] employment" (quotation omitted.)). The ULJ did not err in concluding that Dunn was not available for suitable employment.

**Affirmed.**