# IN RE PETITION OF DAKOTA COUNTY
## ABSTRACT COMPANY v. SAMUEL L. RICHARDSON.

252 N. W. 2d 124.

March 18, 1977—No. 46673.

*Warren Spannaus,* Attorney General, *Richard B. Allyn,* Solicitor General, and *Erica Jacobson,* Special Assistant Attorney General, for appellant.

*Schoen & Jones* and *Harry P. Schoen,* for respondent.

SHERAN, CHIEF JUSTICE.

This is an appeal by the former state human rights commissioner from a decision of the district court modifying an order of the Minnesota Human Rights Department. We reverse the district court, and remand with instructions that the department's order be reinstated.

This appeal involves the setting aside of an allowance of backpay to an individual found to have been discriminated against in her employment by reason of her sex.

Laurilee Martin was first employed by respondent Dakota County Abstract Company in January 1964. Her duties consisted primarily of indexing the recorded transfers of real property.

In January 1965, the company adopted a resolution requiring all male nonofficer employees to retire at age 65 and all female nonofficer employees to retire at age 62. The purpose of the resolution was to adopt what was then believed to be the existing standards for retirement eligibility under the Federal Social Security Act.

In January 1972 Ms. Martin had reached 61 years of age, and the company notified her of the retirement policy so that she would have 1 year to plan her retirement.

Being in some doubt about the legality of the retirement policy, Ms. Martin made inquiries at the Human Rights Department about a week after she had been shown the company's resolution. At some time while being in contact with the department she

signed a charge against the company alleging discrimination by reason of the retirement policy. She instructed the department that she did not want the charge processed until she so notified the department. That request notwithstanding, on Friday, March 10, 1972, the department sent a copy of the charge to the company, which was received early the next week. Upon receipt of the charge, the employer by letter terminated Ms. Martin's employment. The company's president stated that he considered the filing of the charge to be an act of disloyalty; that he had been a good employer, and in addition to allowing her sick leave, often intervened in her behalf in her disputes with fellow employees. He was "hurt" by her filing the charge.

Thereafter in June 1972 a new charge was issued by the department alleging that the discharge was an act of reprisal contrary to Minn. St. 363.03, subd. 7(1).

The commissioner made a limited effort at promoting some conciliation between the parties,[1] consisting of only one meeting between the employer, the employee, and their respective counsel in November 1972. This meeting resulted in the company's making an offer to the employee of $500 to settle her claim, which offer was summarily rejected. No further conciliation attempts were undertaken by the department.

Thereafter in May 1973 the matter was heard by a department hearing examiner. The findings and conclusions of the hearing examiner were filed in March 1974. In summary, the hearing examiner found that the discharge of the employee was in retaliation for the filing of her complaint and that the compulsory retirement policy constituted an illegal employment discrimination on the basis of sex. The hearing examiner concluded that the company's retaliatory termination of Ms. Martin's employ-

---

[1] Minn. St. 363.06, subd. 5, provides: "The commissioner, in complying with subdivision 4, shall endeavor to eliminate the unfair discriminatory practice through education, conference, conciliation and persuasion at the place where the practice occurred, or the respondent resides or has his principal place of business."

ment was contrary to Minn. St. 363.03, subd. 7(1). Ms. Martin was awarded back wages in the amount of $3,882.76, consisting of her net monthly wage between the date of the termination and the date of the hearing, less amounts she received as unemployment compensation.

The company then brought a petition in the district court seeking review of the hearing examiner's decision pursuant to Minn. St. 15.0425. Upon review, the district court vacated the award of backpay. The court based this determination upon a finding that the employee would not have continued her employment beyond the termination date in any event. While there was some evidence in the record to support this inference,[2] the hearing examiner specifically found that the discharge was retaliatory, and, inferentially, that the employee would have continued in her employment absent the termination.

There can be no doubt from the record that this was a retaliatory discharge, impermissible under the Minnesota Human Rights Act. Upon finding such an unfair discriminatory practice, the department or its hearing examiner is empowered by statute to award compensatory damages to the aggrieved employee. Minn. St. 363.071. By the terms of the statute, such an award is discretionary. Upon review by the district court, the department's action is not to be set aside unless it is arbitrary or capricious, or unsupported by substantial evidence in view of the entire record as submitted. Minn. St. 15.0425. The district court must not substitute its view of the evidence for that adopted by the hearing examiner if the record supports the hearing examiner's determination. Ekstedt v. Village of New Hope, 292 Minn. 152, 193 N. W. 2d 821 (1972). Here there was ample

---

[2] There was conflicting testimony presented to the hearing examiner as to whether on March 10, 1972, the employee removed from her desk certain items of personal property such as a sweater, a dictionary, and a coffee cup. She did not report for work on the following Monday or Tuesday, reporting that she was ill on Monday. She received the termination letter on Tuesday, March 14 by special delivery mail.

evidence to support the conclusions of the hearing examiner that the discharge was retaliatory and that the employee would have continued her employment absent that discharge. On these facts, the award of backpay less sums received for unemployment compensation was a proper exercise of the examiner's discretion, both as to the award itself and as to its method of calculation. The trial court erred in substituting its own view of the evidence and its discretion for that of the hearing examiner, and accordingly the order must be reversed.

Counsel for appellant urge us to go beyond merely reinstating the order of the hearing examiner and to hold that the employee should have been awarded benefits in addition to backpay, such as the amount of the contributions which the company would have made to the retirement and insurance plans which the employee had participated in. It would be sufficient for us to again state that the nature and amount of compensatory benefits to be awarded an aggrieved employee are within the discretion of the hearing examiner, and any determination made in that regard may be modified only if arbitrary or unsupported by the evidence. But beyond that, it appears that this issue is not properly before us.

Under our decision in Minnesota Department of Highways v. Minnesota Department of Human Rights, 308 Minn. 158, 241 N. W. 2d 310 (1976), it is clear that appellant could not have appealed the order of its own hearing examiner to the district court; it could, however, urge the district court to affirm the hearing examiner's determination, which it did. The right to appeal from the hearing examiner's order belongs to the employee, if aggrieved, not to the department. Ms. Martin did not exercise that right to appeal. When a district court reverses the decision of a hearing examiner which favored an agency, a "substantial right" of the agency is affected and the agency may appeal to this court. Minn. St. 363.10; Minnesota Department of Highways v. Minnesota Department of Human Rights, *supra*. In this appeal, however, the department is in effect attempting to appeal

the determination of its own hearing examiner, albeit in the guise of an appeal from the district court's order, by urging that it was error for the district court not to make certain additions to the hearing examiner's order. This the agency may not do. It may, consistent with the statutory scheme for review on appeal, seek only to have the hearing examiner's order affirmed by the trial court or reinstated by this court. We are not willing, at this time, to reverse this general rule as enunciated in the Minnesota Department of Highways case.

Respondent contends that it was the conduct of the Human Rights Department itself, rather than the company, which really caused the injustice to the employee. The company points to the fact that formal charges were initiated by the department without the consent of the employee, and that these proceedings took over 2 years before the department, with only a meager attempt by the department to aid the resolution of the matter by conciliation. While we do not express approval of the conduct of the department in the handling of this case, we do not find sufficient justification therein to reject the recommendation of the hearing examiner.

For the reasons stated, the district court's order is reversed, and the matter is remanded with instructions that the order of the hearing examiner be reinstated.