Joseph FRANCIS, Appellant,

v.

**MINNESOTA BOARD OF BARBER EXAMINERS, Respondent.**

No. 46963.

Supreme Court of Minnesota.

June 10, 1977.

Stacker & Ravich, R. J. Tansey, Jr., and Jerome Gette, St. Paul, for appellant.

Larkin, Hoffman, Daly & Lindgren and A. W. Danielson, Minneapolis, for respondent.

Heard before YETKA, SCOTT and STAHLER, JJ., and considered and decided by the court en banc.

YETKA, Justice.

The appellant Joseph Francis applied to the Minnesota Board of Barber Examiners for a license to operate a barber school. The hearing officer appointed by the board to consider the application denied the appellant a license because of the absence of a showing of a "public necessity" for the school pursuant to BE 61 of the board's regulations. The appellant appealed the decision to district court under the Administrative Procedure Act. The district court affirmed the board. The appellant appeals, pursuant to Minn.St. 15.0426, from the order of the district court denying his motion to reverse the board. We reverse.

On June 12, 1975, the appellant Joseph Francis applied to the Minnesota Board of Barber Examiners ("Board") for a certifi-

cate to operate a barber school at 819 Hennepin Avenue in Minneapolis pursuant to Minn.St. c. 154 and the regulations promulgated thereunder by the Board. Until 1967, these required the school to meet standards in only two main areas. First, they required the school to meet admission and graduation standards and cover a specified course of instruction. Second, the statute set requirements for the operation of the school, including hours of operation, number of students per instructor, bonding, qualifications of the owner, identifying signs and applicable permits. In 1967,[1] however, the legislature amended § 154.07 to add a third area of inquiry for the Board in the licensing process—the economic effect of the school on existing shops. It required the Board to consider:

"(a) The total needs for barbers throughout the state;

"(b) The number who are being graduated from the barber schools and available for employment throughout the state;

"(c) The ability of the community to support the proposed school to insure adequate practice for its students; and

"(d) The economic effect of the proposed barber school on the local barber shops in the local community."

In addition to meeting these statutory requirements, the applicant for a license to operate a barber school must comply with the regulations[2] adopted by the Board. Of

principal concern here are BE 60 and BE 61. BE 60 lists certain factors which the Board must consider, including:

"(1) Any detriment to the public welfare and the need for barber school facilities in the community and neighborhood where the proposed barber school is to be located, giving particular consideration to:

(i) the economic character of the community and neighborhood;

(ii) the effect on existing barber shops and barber school in the community;

(iii) the availability of adequate support for the proposed barber school in the community and neighborhood with particular regard to adequate practice for students;

(iv) the extent to which the proposed barber school would draw patrons from adjacent communities or neighborhoods and the character thereof;

(v) the effect of the establishment of a barber school on the social and economic aspects of the community and neighborhood and adjacent communities and neighborhoods in regard to the proposed site."

Finally, BE 61[3] sets forth certain procedural rules governing the application process and requires that the Board "shall find a public necessity for an additional barber school before granting a license."

---

1. Ex.Sess.L.1967, c. 31, § 2.

2. Minn.St. 154.24 authorizes the Board to adopt regulations for the administration of the provisions of c. 154. The regulations for barber schools are in Chapter 4 of the Board's regulations. They are designated as BE 56 through BE 66.

3. BE 61 provides that: "(a) The Board shall cause within 45 days of receipt of an application for the establishment of a barber school notice of a public hearing to be published as deemed appropriate by the Board. The applicant shall show at such hearing, by competent evidence, the factual basis of the assertions of his application and his qualifications as required by Minnesota Statutes, Chapter 154 and the rules and regulations of the Board. The applicant shall further show his financial qualifications and it shall be a sufficient reason for denial of the application that the Board con-

siders the financial resources of the applicant to be insufficient to maintain and operate a barber school and assure the graduation of students who are registered in such school and have paid their tuition. *The Board shall find a public necessity for an additional barber school before granting a license.*

"(b) In the event that a license is not renewed by the Board upon application pursuant to these rules, the aggrieved applicant may by written notice to the Board request a public hearing concerning the denial of his application. Thereafter, the Board shall cause within 45 days of receipt of the written request of the application to be published notice of a public hearing as deemed appropriate by the Board. Thereafter, the applicant shall proceed as provided in paragraph (a) of this section." (Italics supplied.)

The hearing officer appointed by the Board to consider the appellant's application determined that the statute and regulations, taken together, required five general determinations to be made in deciding whether to grant a license for a barber school:

"1. The Board must determine that the applicant has submitted all of the documents and information called for by the Regulations in making the application for a barber school, and that the documents and information submitted demonstrate that the proposed school will be operated in accordance with Chapter 154 of the Minnesota Statutes and the Regulations.

"2. The Board must consider whether the barber school will provide an adequate practice for the barber students enrolled.

"3. The Board must consider the economic effect which the proposed barber school will have on the community and, in particular, existing barber shops in the community.

"4. The Board must consider the needs for barbers in the state of Minnesota, and for a barber school in the particular community.

"5. The Board must find a public necessity for an additional barber school."

After hearing evidence on each of these areas, the examiner determined the appellant met each of the five requirements except the last—"public necessity." Specifically, the hearing examiner found as to each of the five areas:

"1. The Applicant submitted a verified statement and submitted evidence at the hearing which set forth all of the information required pursuant to Section 154.07 and BE 57 of the Board's Rules and Regulations, and established that the proposed operation of the Applicant's barber school was in compliance generally with Chapter 154 of the Minnesota Statutes, and the Rules and Regulations promulgated thereunder.

"2. The community in which the Applicant's proposed barber school is to be located will provide an adequate practice for the students enrolled in that school.

"3. The Applicant's proposed barber school will not have any materially adverse economic or social effect upon the barber shops in the Twin Cities, upon the barber shops in the immediate neighborhood of the proposed barber school location, or upon the community or neighborhoods adjacent to the proposed barber school location.

"4. Having considered the needs for barbers throughout the state, and the need for an additional barber school in the proposed location, it is apparent that the operation of Applicant's proposed barber school will not adversely affect the public health and welfare.

"5. There is no public necessity for an additional barber school."

With regard to the "public necessity" requirement, the hearing examiner stated:

"BE 61 requires that 'the Board shall find a public necessity for an additional barber school before granting a license.'

" 'Public necessity' is defined as 'needed for reasonable convenience, facility, and completeness in accomplishing a public purpose.' Black's Law Dictionary, 4th Ed. In *State v. Duluth St. Ry. Co.*, 179 Minn. 548, 229 N.W. 883 (1930) the term 'public necessity' was defined more narrowly in terms of an 'urgent public convenience'.

"Applying either definition, and taking into consideration the facts presented and reviewed above as to the question of 'need', the Applicant did not establish that a 'public necessity' exists for an additional barber school. Short of a public clamor for more barbers, and evidence that the public was not being adequately served by the existing barbers and those projected to be graduated from barber schools, it seems extremely unlikely that any new license would ever be granted.

"The requirement of public necessity, that is, requiring a shortage of barbers before a new school would be permitted to operate, would appear on its face to be adverse to the public health and welfare

and thus clearly unconstitutional. Furthermore, the Regulation appears to be unwarranted as being outside of the direction of the Statute.

"However, the required finding in this case is clear. The Board is not permitted to merely *consider* the 'public necessity' as it could the 'need', and apply those considerations consistent with the state and federal constitutions; it must in fact find a public necessity. The evidence does not permit such a finding."

The hearing examiner did not pass on the constitutionality of the "public necessity" requirement, however, because he felt it was beyond the power of the Board to consider the constitutionality of a statute which it is directed to enforce.

As a result, the appellant's application was denied. The decision of the hearing officer stated:

"The Applicant established by a preponderance of the evidence each qualification, requirement and consideration necessary in order to permit the granting of a license to the Applicant to operate a barber school; except that pursuant to BE 61, the Applicant failed to establish by a preponderance of the evidence that there existed a public necessity for an additional barber school.

"The application for a license to own and operate a barber school made by the Applicant as aforesaid, is hereby denied."

The appellant applied, on February 20, 1976, to Ramsey County District Court for judicial review of the Board's decision, pursuant to § 15.0424 of the Administrative Procedures Act. On March 11, 1976, the appellant moved the district court for an order reversing the decision of the hearing officer and compelling the Board to issue the appellant a license to operate a barber school. The appellant argued both the "public necessity" requirement of BE 61 and the "economic need" requirement of Minn.St. 154.07 and BE 60 were unconstitutional in several respects. In response, the Board requested the district court to affirm the decision but to modify it by finding that the hearing officer erred (1) in construing BE 61 to require a finding of "public necessity" apart from the "economic need" requirements of Minn.St. 154.07 and BE 60; (2) in concluding that the word "need" in the "economic need" provisions of 154.07 and BE 60 required a "significant oversupply" of barbers before it would have an adverse effect on public health; and (3) that the findings of the hearing examiner in favor of the appellant were not supported by substantial evidence.

The district court denied the appellant's motion. In an accompanying memorandum which was not made a part of the order the court stated in part:

" * * * In the main, the Court is satisfied that the record substantiates the decision reached by the hearing examiner and it might be noted in passing that the statutes and regulations are valid and constitutional on their face, and should there be a desire for any changes, those activities must be left to the legislature, which delegated the authority to promulgate the regulations in the first instance."

The appellant appeals to this court from the order of the district court pursuant to Minn.St. 15.0426.

Although the appellant has raised a number of issues on appeal, including the constitutionality of the economic effect provisions of Minn.St. 154.07 and BE 60, we do not deem it necessary to decide those issues in reaching our decision because the hearing examiner made findings favorable to the appellant on those matters and pass only on the public necessity requirement of BE 61. The Board may not appeal the order of its own hearing examiner to the district court, although it may urge the district court to affirm the decision. It may seek only to have the hearing examiner's order affirmed by the trial court or reinstated by this court. *Dakota County Abstract Co. v. Richardson*, Minn., 252 N.W.2d 124 (1977); *Minnesota Department of Highways v. Minnesota Department of Human Rights*, Minn., 241 N.W.2d 310 (1976). The hearing officer decided that the applicant fulfilled all of the statutory requirements for a license (in-

cluding the economic effect provisions) except regulation BE 61, promulgated by the Board, which requires a finding of a public necessity for an additional barber school before granting a license. The district court concurred on all of the findings of the hearing officer, but did not pass on whether BE 61 was validly promulgated pursuant to the authorizing statute which sets forth the criteria for the granting of the license.

 Nowhere in the statutes do we find authority, either express or implied, for the Board to adopt a rule such as BE 61 requiring a public necessity test for the granting of a license. Moreover, there is evidence in the record that appellant intends to operate a school which will offer specialized training in hair styling—a type of training which graduates of existing barber schools generally did not receive—to fill a need for such specialized graduates existing in his own shop.

Accordingly, the district court is reversed and ordered to issue an order to the respondent to issue a license to the applicant.