**STATE of Minnesota, by Irene GOMEZ–BETHKE, Commissioner, Department of Human Rights, Respondent,**

v.

**OFFICE OF COUNTY AUDITOR, DOUGLAS COUNTY, by William J. ANDERSON, County Auditor, Relator.**

No. CX–83–1820.

Court of Appeals of Minnesota.

May 8, 1984.

**542**

Anne L. Carrott, Douglas County Atty., Alexandria, for relator.

Hubert H. Humphrey, III, Atty. Gen., Carl M. Warren, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Lael Maas filed a complaint with respondent Department of Human Rights, alleging that relator had discriminated against her because of her sex. After a contested case hearing, the hearing examiner concluded that Maas was the victim of illegal sex discrimination. He awarded $11,111 for lost wages, $2,122 interest and $250 for punitive damages. This court granted certiorari. We affirm.

## FACTS

On June 18, 1978, relator, Douglas County Auditor William Anderson, offered the position of deputy auditor to Lael Maas for $700 per month. Maas rejected the offer although the parties disagree as to the reasons she gave. Relator claims that Maas said she wanted to be at home with her husband and children. Maas recalled that she told Anderson that $700 per month was not enough and that he replied "then you don't want the job?" The second choice, a man, was then hired at $800 per month. Maas filed a discrimination claim on November 9, 1978, after learning from evidence presented in an unrelated unemployment benefits case that relator had hired a male at a higher salary.

## ISSUE

Whether the decision of the hearing examiner, that relator illegally discriminated on the basis of sex, is supported by substantial evidence?

## ANALYSIS

Relator claims that the agency finding of discrimination is "[u]nsupported by substantial evidence in view of the entire record as submitted ...." Minn.Stat. § 14.69(e) (1982). Our scope of review is limited. Minn.Stat. § 14.69. A reviewing court "must not substitute its view of the evidence for that adopted by the hearing examiner ...." *Dakota County Abstract Co. v. Richardson,* 312 Minn. 353, 356, 252 N.W.2d 124, 126–27 (1977). Where the evidence is conflicting or more than one inference may be drawn from the evidence, the findings of the hearing examiner must be upheld. *City of Minneapolis v. Richardson,* 307 Minn. 80, 88, 239 N.W.2d 197, 202 (1976).

In a contested case, respondent Department of Human Rights must make a prima facie showing of sex discrimination, as defined by Minn.Stat. § 363.03, subd. 1(2)(c) (1982). The employer may then establish legitimate, nondiscriminatory reasons for the action and the charging party must show that the reasons stated are a mere pretext for discrimination. *Hubbard v. United Press International Inc.,* 330 N.W.2d 428, 441 (Minn.1983), citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 56 L.Ed.2d 668 (1973).

Relator asserts that it had two legitimate nondiscriminatory reasons for offering less money to Maas and for hiring a male candidate: (1) Maas declined the job for personal reasons; and (2) the male candidate had previously indicated he would not accept the job for less than $800. Anderson further claims he was trying to save the county money by getting a deputy auditor as cheaply as possible.

The record in this case supports the decision of the hearing examiner. The examin-·

er weighed the credibility of Maas and Anderson. He concluded that Anderson's statements concerning the circumstances surrounding the hiring of a deputy auditor were conflicting and inconsistent and that his explanation was not credible. For example, in a letter to the Department in November 1978, Anderson wrote that he felt "quite strongly" that Maas was not as well qualified as the male candidate. · At the hearing Anderson admitted this was untrue. The conclusion drawn by the examiner, that relator's reasons for not hiring Maas were mere pretext for discrimination, is supported by the evidence.

## DECISION

There is substantial evidence to support the findings of the hearing examiner of sex discrimination in the hiring of Douglas County deputy auditor.

The decision of the hearing examiner for the Department of Human Rights is hereby affirmed.

Affirmed.