**STATE of Minnesota, by Irene GOMEZ-BETHKE, Commissioner, Department of Human Rights, Appellant,**

**v.**

**MINNEAPOLIS COMMUNITY DEVELOPMENT AGENCY, Respondent.**

**No. C3–84–311.**

Court of Appeals of Minnesota.

Sept. 4, 1984.

Hubert H. Humphrey, III, Atty. Gen., Peggy L. Bunch, Sp. Asst. Atty. Gen., St. Paul, for appellant.

E. Robert Pullman, Asst. City Atty., Minneapolis, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals the hearing examiner's order which determined the Minneapolis Community Development Agency did not discriminate against Geraldine Meyer in violation of Minn.Stat. § 363.03, subd. 1(2)(c) (1982) when Meyer was not awarded the position of Housing Inspector/Locator in February 1982.

We affirm.

## FACTS

Geraldine Meyer, through the Commissioner of the Minnesota Department of Human Rights, claimed she was discriminated against when she was denied the position of Housing Inspector/Locator with the Minneapolis Community Development Agency. Meyer claimed she was denied the position in favor of a minority applicant because she is white. The Minneapolis Community Development Agency denied this claim, stating the position was awarded to the minority applicant on the basis of seniority and pursuant to an affirmative action plan, although admitting Meyer was qualified for the job. In October 1983, Meyer was placed in the position of Housing Inspector/Locator. The hearing examiner found Meyer was not discriminated

against and ordered the complaint dismissed.

## ISSUE

Is the hearing examiner's finding that reverse discrimination did not exist supported by the evidence?

## ANALYSIS

1. *Scope of Review:*

This court is required to accept the findings of the hearing examiner if the findings are supported by substantial evidence. Minn.Stat. § 14.69 (1982); *See City of St. Paul v. Chicago & North Western Transportation Co.,* 436 F.Supp. 628, 630 (D.Minn.1977); *Dakota County Abstract Co. v. Richardson,* 312 Minn. 353, 356, 252 N.W.2d 124, 126 (1977); *Minneapolis Van & Warehouse Co. v. St. Paul Terminal Warehouse Co.,* 288 Minn. 294, 180 N.W.2d 175 (1970).

The Minnesota Supreme Court has adopted the following definition of "substantial evidence":

> We view that by the 'substantial evidence' test is meant: 1) such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; 2) more than a scintilla of evidence; 3) more than 'some evidence'; 4) more than 'any evidence'; and 5) evidence considered in its entirety. There are correlative rules or principles that must be recognized by a review court, such as: 1) unless manifestly unjust, inferences must be accepted even though it may appear that contrary inferences would be better supported; 2) a substantial judicial deference to the fact-finding processes of the administrative agency; and 3) the burden is upon the appellant to establish that the findings of the agency are not supported by the evidence in the record, considered in its entirety.

*Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 825 (Minn.1977).

### 2. *Substantial Evidence:*

The record contains substantial evidence to support the hearing examiner's finding. Verlena Matey-Keke, assistant director for the Affirmative Action Administration Division, testified "there were some issues of deficiencies by the organizational unit of which Mr. Madden was the manager of," and that "it was basically a defacto segregated unit." A letter to Curt Ewing, deputy director of housing, indicated "there was a potential for a future grievance and that he was to consider the deficiencies in the organizational unit and the hiring patterns of that particular supervisor."

Matey-Keke identified a manual she authored as the affirmative action policy of the MCDA and testified most minority employees at the MCDA were in the maintenance department. The hearing examiner found that "Matey-Keke was additionally concerned about the disproportionate number of minorities in lower level MCDA positions and that the affirmative action policy had not been appropriately followed in this case."

The hearing examiner's decision was also based on testimony concerning the hiring supervisor's department and procedures used in filling the position. A reviewing court "must not substitute its view of the evidence for that adopted by the hearing examiner if the record supports the hearing examiner's determination." *Dakota County Abstract Co. v. Richardson*, 312 Minn. 353, 356, 252 N.W.2d 124, 126–27 (1977).

### DECISION

We find the hearing examiner's order was supported by substantial evidence. The finding that discrimination did not exist is supported by the evidence.

Affirmed.