GORDON HUBERT JONES v. MINNESOTA STATE
BOARD OF HEALTH.

221 N. W. 2d 132.

August 9, 1974—No. 44527.

*Maun, Hazel, Green, Hayes, Simon & Aretz* and *Bruce G. Odlaug,* for appellant.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, and *Richard A. Wexler,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Petitioner seeks an alternative writ of mandamus directing the State Board of Health to permit him to take the examination for a master plumber's license and to license him as a master plumber upon passing the examination. The district court dismissed the petition. This appeal is from that dismissal and from an order denying a motion for amended findings of fact and conclusions of law or in the alternative a new trial. We affirm.

Pursuant to Minn. St. 1971, § 326.42, petitioner filed an application for permission to take the master plumber examination. The application stated that he had experience in "[d]esign, cost estimating and supervision of installations of plumbing systems." Nowhere in petitioner's application did it indicate that he had 5 years' experience in the actual installation of plumbing systems, i. e., experience of actually working with the tools employed by a plumber. The State Board of Health, the state licensing agency, denied petitioner's request to take the master plumber examination. The board informed him that, based upon his ap-

plication which included requested letters of reference, he lacked the 5 years of practical plumbing experience required by its regulation, MHD 113(b)(2).

Two issues are presented. The first issue involves the interpretation of the term "practical plumbing experience" as contemplated by Minnesota Plumbing Code, MHD 113(b)(2); the second involves petitioner's contention that he was denied due process by the board's failure to afford him a hearing.

The board of health is authorized by statute[1] to promulgate regulations for the licensing of master plumbers. The board adopted MHD 113(b)(2), which requires that each applicant for master plumber have a minimum of 5 years of "practical plumbing experience."[2]

Contrary to the board's interpretation of MHD 113(b)(2), petitioner contends that "practical plumbing experience" does not necessarily require an applicant to have actual experience with the physical installation of plumbing systems. He claims that such experience is but one of the many factors to be considered in determining whether an applicant has acquired the requisite "practical plumbing experience." Therefore, he argues, his experience in "[d]esign, cost estimating and supervision of installations of plumbing systems" is "practical plumbing experience" sufficient to qualify him for a master plumber's license pursuant to MHD 113(b)(2).

Minn. St. 326.01, subd. 8,[3] from which Regulation 113(b)(2) is derived, defines a master plumber as possessing three basic skills: "[P]lanning, superintending, and the practical instalation of plumbing." Section 326.40 provides in part: "A master plumber may also work as a journey-

---

[1] Minn. St. 326.40 provides in part: "The state board of health shall prescribe rules and regulations, not inconsistent herewith, for the examination and licensing of plumbers."

[2] MHD 113(b)(2) provides: "In addition to satisfactorily passing an examination given by the plumber's examiners, the applicant for a journeyman plumber's license shall have had not less than 4 years of practical plumbing experience and the applicant for a master plumber's license shall have had not less than 5 years of practical plumbing experience."

[3] Section 326.01, subd. 8, provides: "A 'master plumber' is any person skilled in the planning, superintending, and the practical instalation of plumbing and otherwise lawfully qualified to contract for plumbing and instalations and to conduct the business of plumbing and who is familiar with the laws, rules, and regulations governing the same."

man plumber." Section 326.01, subd. 7,[4] defines a journeyman plumber as one who is employed to perform "the practical instalation of plumbing," i. e., according to common usage, to physically work with the tools of his trade. Thus, although a master plumber usually plans and supervises the work, his license also authorizes him to do the work of a journeyman. While the words "practical instalation of plumbing" or "practical plumbing experience" are not defined by statute or regulation, the board of health construes this requirement as that experience acquired from working with the tools of plumbing. We hold this interpretation to be consistent with the statutory scheme and with the regulation implementing it and therefore not erroneous. Accordingly, petitioner's contention cannot be sustained. Andrew G. Nelson, Inc. v. United States, 355 U. S. 554, 78 S. Ct. 496, 2 L. ed. 2d 484 (1958); Bowles v. Seminole Rock & Sand Co. 325 U. S. 410, 65 S. Ct. 1215, 89 L. ed. 1700 (1945); Josam Mfg. Co. v. State Board of Health, 26 Wis. 2d 587, 133 N. W. 2d 301 (1965).

Petitioner's contention that no actual experience in physical installation of plumbing is necessary for a master plumber's license is inconsistent with the statutory scheme and could produce the anomalous situation of permitting a person, licensed as a master plumber, who may have never actually installed a plumbing system to perform the work of a journeyman plumber. Construction of the statutory phrase "practical instalation of plumbing" as used for both types of licenses is surely intended to be identical.

Petitioner also contends that he was denied due process. He claims the administrative procedure by which the board of health reviews the application denies due process because there is no opportunity afforded an applicant for a hearing to establish his qualifications.

Petitioner was not denied due process. The board of health afforded him the opportunity to submit an application establishing his qualifications. He was informed of the basis for the board's denial of his request to take the examination.

Since the legal question presented has had full judicial review, and it is undisputed that his application disclosed that petitioner lacked the requisite practical plumbing experience as required by statute and the regulation in order to be licensed as a master plumber, no hearing be-

---

[4] Section 326.01, subd. 7, provides: "A 'journeyman plumber' is any person, other than a master plumber, who, as his principal occupation, is engaged as an employee of, or otherwise working under the direction of, a master plumber in the practical instalation of plumbing."

484

fore the board was necessary. See, Brooks v. Laws, 92 App. D. C. 367, 208 F. 2d 18 (1953).

Affirmed.