In the Matter of a Complaint of PEO-
PLE'S COOPERATIVE POWER AS-
SOCIATION, INC. Against the City of
Rochester.

No. C2–89–528.

Court of Appeals of Minnesota.

Oct. 24, 1989.

Review Denied Jan. 8, 1990.

Kenneth R. Moen, Dunlap, Finseth, Berndt & Sandberg, P.A., Rochester, for relator People's Cooperative Power Ass'n, Inc.

Frederick S. Suhler, Jr., Rochester, for respondent City of Rochester.

Hubert H. Humphrey, III, Atty. Gen., Gregory D. Dittrich, Margie E. Hendriksen, Sp. Asst. Attys. Gen., St. Paul, for respondent Minnesota Public Utilities Com'n.

Heard, considered and decided by
PARKER, Presiding Judge,
FORSBERG, Judge, and SHORT,
Judge.

## OPINION

FORSBERG, Judge.

The Public Utilities Commission determined that People's Cooperative Power Association, Inc. had received adequate notice and an opportunity to be heard in proceedings to determine interim electric service rights to a new facility in territory annexed by the City of Rochester. We reverse and remand for contested case proceedings.

## FACTS

Relator People's Cooperative Power Association, Inc. (People's Cooperative) is a cooperative electric association regulated by the respondent Public Utilities Commission (Commission). Respondent City of Rochester (City) operates a municipal electric utility which is also regulated by the Commission.

In September 1974, People's Cooperative and the City were assigned electric service areas in and around Rochester pursuant to Minn.Stat. § 216B.39, subd. 2 (1974). The service areas were established in accordance with the legislative policy

> to eliminate or avoid unnecessary duplication of electric utility facilities and to promote economical, efficient, and adequate electric service to the public * * *.

Minn.Stat. § 216B.37 (1988).

In June 1988, the City began proceedings to annex the building site of a planned facility known as Victory Baptist Church (Church). The Church site was located within People's Cooperative's assigned service area. On or about September 23, 1988, without permission from People's Cooperative or the Commission, the City be-

gan extending its electric facilities through People's Cooperative's assigned service area to the Church site. At that time, the annexation ordinance was awaiting approval by the Minnesota Municipal Board and filing with the Secretary of State.

People's Cooperative filed a complaint with the Commission, objecting to the City's extension of electric facilities across its territory. The complaint alleged that the City's extension of service was duplicative and unnecessary because People's Cooperative had sufficient existing capacity to service all temporary and permanent electric needs of the Church site. The complaint requested the Commission to issue an order requiring the City to cease extending its service into People's Cooperative's area until the parties could arrive at a settlement.

The City filed an answer to People's Cooperative's complaint, alleging that there was not yet an electric customer on the Church site, and there would not be any customer there until annexation of the site was finalized. The City admitted extending its lines across People's Cooperative's territory to the Church site, but denied such extension was duplicative, since People's Cooperative's existing facilities were necessary to serve its existing customers. The City also denied that its actions were unlawful.

The Commission considered People's Cooperative's complaint at its meeting on October 4, 1988. The parties received only telephone notice of the meeting. The City and People's Cooperative were represented at the meeting by their managers and counsel, who were allowed to argue their clients' positions. The parties submitted written documents and oral testimony, but witnesses were not sworn or cross-examined.

The Commission tabled the matter until October 11, 1988. The parties did not receive written notice of the October 11 meeting, but received only the verbal notice conveyed during the October 4 meeting. As allowed by the Commission, both People's Cooperative and the City submitted additional written comments and argument.

At the October 11 meeting, a member of the Commission staff summarized the parties' dispute and the written materials which had been submitted. The Commission discussed the matter, occasionally asking questions of the parties' counsel. The chair controlled the order and extent of comments, and the parties were limited to responding to questions by the Commission.

At the conclusion of the meeting, the Commission found the City's conduct in violation of the law and referred the matter to the Minnesota Attorney General. The Commission ordered that the City cease further construction until annexation of the Church site was completed; after that time, the Commission ordered that the City be allowed to serve the Church site until the parties could arrive at a decision regarding compensation by the City to People's Cooperative for the right to service the annexed area.

People's Cooperative and the Department of Public Service petitioned for reconsideration, and the Commission issued a clarifying order. The Commission concluded that its notice and hearing on the issues had been sufficient, and that it had not been required to conduct a contested case hearing. The Commission explained that although People's Cooperative had been providing service to the territory being annexed, the extension of People's Cooperative's services to the new Church facility would not be in the public interest.

People's Cooperative obtained a writ of certiorari, seeking review of the Commission's initial order and clarifying order.

ISSUE

Did People's Cooperative receive adequate notice and an opportunity to be heard on the issue of who should provide service to the Church site pending a compensation agreement between People's Cooperative and the City?

ANALYSIS

An electric utility has exclusive service rights in its assigned service area, and no

utility may provide service within another utility's area unless written consent has been obtained. Minn.Stat. § 216B.40 (1988). A municipality's annexation of a part of another utility's assigned service area will not impair or affect that utility's rights unless the municipality elects to purchase the facilities and property of the electric utility. Minn.Stat. § 216B.41 (1988).

Until the parties arrive at an agreement regarding the purchase or exchange of the right to serve the annexed territory, the utility being displaced

> shall not extend service to additional points of delivery within the annexed area if the commission, *after notice and hearing*, with due consideration of any unnecessary duplication of facilities, shall determine that the extension is not in the public interest.

Minn.Stat. § 216B.44 (1988) (emphasis added).

■ People's Cooperative argues the language "notice and hearing" required a contested case hearing on the issue of which utility was entitled to provide service to the Church site while the question of compensation was being determined. "An agency shall initiate a contested case proceeding when one is required by law." Minn.Stat. § 14.57 (1988). A "contested case" is defined as

> a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing.

Minn.Stat. § 14.02, subd. 3 (1988). Minnesota's Administrative Procedure Act itself does not provide a right to a contested case hearing, but establishes the procedures to be followed when another statute provides such right. *Cable Communications Board v. Nor–West Cable Communications Partnership*, 356 N.W.2d 658, 665 (Minn.1984). Minn.Stat. § 216B.44 clearly provides the right to a "hearing" on the issue of service rights to the new Church site within the area annexed by the City.

■ The Commission determined that a contested case hearing was unnecessary because there were no material facts in dispute.

The method of trial is never required except when facts are in dispute. * * * "Where no genuine or material issue of fact is presented the court or administrative body may pass upon the issues of law after according the parties the right of argument."

K. Davis, *Administrative Law Text* at 159 (3rd ed. 1972) (citation omitted). *See Costle v. Pacific Legal Foundation*, 445 U.S. 198, 214, 100 S.Ct. 1095, 1105, 63 L.Ed.2d 329 (1980) (adjudicatory hearing unnecessary where legal, not factual, issues raised); *Jones v. Minnesota State Board of Health*, 301 Minn. 481, 483–84, 221 N.W.2d 132, 134–35 (1974) (due process did not require hearing where undisputed facts were disclosed in application for license and board review was limited to determining legal issue).

In documents presented to the Commission, People's Cooperative raised issues of material fact regarding the distance between the City's electric facilities and the Church site, potential duplication of services, and potential safety hazards caused by duplicative construction. Accordingly, a contested case hearing was necessary to resolve these and any other material issues.

Because we remand for a contested case hearing, we need not address the parties' arguments regarding adequacy of notice or whether the Commission's order was arbitrary and capricious or unsupported by substantial evidence.

## DECISION

A contested case hearing was required to determine electric service rights to the Church site pending a settlement determination between People's Cooperative and the City.

Reversed and remanded.