In the Matter of the PROPOSAL BY LAKEDALE TELEPHONE COMPANY TO OFFER THREE ADDITIONAL CLASS SERVICES.

No. C1–96–2113.

Court of Appeals of Minnesota.

April 1, 1997.

Susan Rester Miles, Jaymes D. Littlejohn, Hessian, McKasy & Soderberg, Minneapolis, for relator Lakedale Telephone Company.

Hubert H. Humphrey III, Attorney General, Margie E. Hendriksen, Lisa R. Youngers, Assistant Attorneys General, St. Paul, for respondent Minnesota Public Utilities Commission.

Hubert H. Humphrey III, Attorney General, Ellen C. Gavin, Assistant Attorney General, St. Paul, for respondent Minnesota Department of Public Service.

Considered and decided by CRIPPEN, P.J., and PETERSON and MANSUR *, JJ.

## OPINION

MARTIN J. MANSUR, Judge.

The Minnesota Public Utilities Commission (MPUC) rejected Lakedale Telephone Company's evidence supporting its proposal to bill customers $.02 per line per month for call tracing service. Instead, the MPUC ordered the company to temporarily charge a $1 per activation fee for the service. We affirm.

## FACTS

The legislature has directed the MPUC to determine the terms and conditions under which telephone companies in Minnesota may provide custom local area signaling (CLASS) service. Minn.Stat. § 237.75, subd. 2 (1996). General CLASS service includes call tracing service. *Id.*, subd. 1(5). A call trace is activated when a telephone customer dials a designated code—for example, *57. This signal produces a record of the call, which is stored by the telephone company for use by law enforcement officials.

In 1993, the MPUC issued a general order and order after reconsideration governing CLASS service by telephone companies in Minnesota. The MPUC concluded that cost issues related to call tracing should be resolved when proposed prices were filed by telephone companies. *In the Matter Provision* of Custom Local Area Signaling Servs. in Minnesota, MPUC Docket No. P–999/CI–92–992, 1993 WL 560673 (Dec. 3, 1993).

In August 1993, Lakedale Telephone Company (Lakedale) petitioned the MPUC for authority to provide CLASS service to customers. The MPUC approved Lakedale's proposal, with modifications, allowing Lakedale to defer deployment of its call tracing service until it could bill on a per-use basis.

In March 1995, Lakedale submitted a call tracing proposal to the MPUC. Lakedale proposed to charge all customers $.02 per line per month for call tracing, instead of

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

charging a per-use fee. The Minnesota Department of Public Service (DPS) opposed this proposal, claiming it was inconsistent with MPUC precedent, economically inefficient, and lacking factual support. The DPS also claimed that itemizing the $.02 charge on customers' monthly bills would be wasteful and potentially confusing to customers.

The MPUC agreed with the DPS and rejected Lakedale's proposal for a per-month charge, concluding that it was economically inefficient and created a serious potential for Lakedale to over-recover its costs. Instead, the MPUC ordered Lakedale to immediately deploy call tracing at a temporary rate of $1 per activation. The MPUC explained that this initial rate could be re-examined when Lakedale could present actual data on call tracing use, revenues, and costs. The MPUC denied Lakedale's petition for reconsideration.

## ISSUES

I. Did the MPUC err by rejecting Lakedale's evidence and by ordering a $1 per activation fee for call tracing?

II. Did the MPUC's decision constitute an invalid, unpromulgated rule?

## ANALYSIS

### I.

 Lakedale argues that the MPUC's decision to reject its proposal for a $.02 per line per month charge and instead impose a $1 per activation charge was arbitrary and capricious. An agency's decision is arbitrary and capricious when the decision represents the agency's will, rather than its judgment, *Markwardt v. Water Resources Bd.*, 254 N.W.2d 371, 374 (Minn.1977), or if the decision is "based on whim or is devoid of articulated reasons." *Mammenga v. State Dep't of Human Servs.*, 442 N.W.2d 786, 789 (Minn. 1989).

In its initial order, the MPUC stated that it was rejecting Lakedale's proposal to charge $.02 per line per month because that billing system would likely result in over-use of call tracing by customers, which would be economically inefficient. The MPUC also pointed out that Lakedale's estimate of fu-

ture call tracing costs was based on conversations with company managers and customer service representatives; Lakedale did not submit any objective criteria to support its estimate. The MPUC also rejected Lakedale's estimate because it was based on 192 "completed" call tracing requests per year, as opposed to call tracing activations that were not completed. A completed call trace, which occurs when a customer actually contacts law enforcement personnel, obviously consumes significantly more resources than a call trace that is not pursued.

In its order denying reconsideration, the MPUC reiterated its concern that Lakedale's proposal violated basic principles of economic efficiency. The MPUC also explained why it believed Lakedale's cost data were too speculative to support its proposal to charge $.02 per line per month:

> [T]he cost information and documentation filed by the Company were extremely sketchy. Crucial information, such as the number of call tracing requests currently processed annually, was not filed. The process used to estimate Call Trace usage rates was highly subjective, consisting mainly of informal conversations between management and customer service personnel. Core assumptions were untested and adopted on the basis of anecdotal evidence.

> The central assumption on which the Company's estimate of Call Trace usage rates rests—that the number of harassing or threatening calls investigated by local law enforcement authorities will rise substantially when Call Trace is introduced—is neither verified nor self-evident. If that assumption is wrong, costs will be significantly lower than the estimate, since it is law enforcement involvement that drives up Call Trace costs.

*In the Matter of the Proposal by Lakedale Tel. Co. to Offer Three Additional CLASS Servs.*, MPUC Docket No. P–413/M–95–269, 1996 WL 750127 (Sept. 18, 1996).

In light of the MPUC's reasoned explanation for its decision to reject Lakedale's proposal, we conclude that the decision was not based on whim or devoid of articulated rea-

sons and did not represent the MPUC's will, rather than its judgment.

The MPUC also provided an explanation of its reasons for imposing a $1 per activation fee:

> The Commission believes further delay in introducing Call Trace to Lakedale customers would be contrary to the public interest and will therefore require its immediate introduction at a rate of $1 per activation. This initial price can be re-examined as necessary when actual data on usage, costs, and revenues become available. * * *
>
> The Commission adopts the $1 per activation fee because further delay in introducing this service is inappropriate, because it must carry some price, and because the $1 per activation fee is the pricing pattern most widely used by other Minnesota companies.

*In the Matter of the Proposal of Lakedale Tel. Co. to Offer Three Additional CLASS Servs.*, MPUC Docket No. P–413/M–95–269, 1996 WL 501429 (Feb. 5, 1996). In light of this reasoned explanation, we conclude that the MPUC's decision to charge a $1 per activation fee was not based on whim or devoid of articulated reasons and did not represent the MPUC's will, rather than its judgment.

■■■ Lakedale argues that the MPUC's decision to reject its proposal was unsupported by substantial evidence in the record. "Substantial evidence" is

> 1) such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; 2) more than a scintilla of evidence; 3) more than 'some evidence'; 4) more than 'any evidence'; and 5) evidence considered in its entirety.

*Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 825 (Minn.1977).

Furthermore:

> There are correlative rules or principles that must be recognized by a reviewing court, such as: 1) unless manifestly unjust, inferences must be accepted even though it

may appear that contrary inferences would be better supported; 2) a substantial judicial deference to the fact-finding processes of the administrative agency; and 3) the burden is upon the appellant to establish that the findings of the agency are not supported by the evidence in the record, considered in its entirety.

*Id.*

■■■ Lakedale claims that the MPUC erred by rejecting the only evidence in the record, which was presented by Lakedale itself. The MPUC, however, found this evidence unpersuasive, and we decline to substitute our judgment on this finding. *See Minneapolis Van & Warehouse Co. v. St. Paul Terminal Warehouse Co.,* 288 Minn. 294, 299, 180 N.W.2d 175, 178 (1970) (where more than one inference may be drawn from the facts, reviewing court should not substitute its judgment for that of the commission).

Lakedale also argues that the MPUC's decision to require a $1 per activation fee for call tracing was unsupported by substantial evidence in the record. As pointed out above, the MPUC explained that it decided to impose a $1 per activation fee because further delay in implementing call tracing would be contrary to the public interest, because the service must carry some price, and because most other Minnesota telephone companies charged this rate. There was no objective evidence available to support an estimate of the number of call tracing requests that would occur in the future once call tracing was implemented. Nor was there objective evidence to estimate what fee would be sufficient to cover those requests.

■■■ We conclude that the MPUC's decision to impose a $1 per activation fee was a legislative policy decision, which we cannot overturn unless it is shown by clear and convincing evidence to be in excess of statutory authority or resulting in unjust, unreasonable, or discriminatory rates. *Hibbing Taconite Co. v. Minnesota Pub. Serv. Comm'n,* 302 N.W.2d 5, 9 (Minn.1980).[1]

---

1. Generally, the MPUC must fix rates for telephone companies that are not unjust, unreasonable, or discriminatory. Minn.Stat. § 237.075, subd. 5 (1996). Lakedale, however, is not actually a "telephone company" subject to this statute. *Id.,* subd. 9.

■ Lakedale claims that the MPUC's decision will result in unjust, unreasonable, or discriminatory rates because if there are 192 completed call traces in a year, at $1 per activation, Lakedale will only recover $192, even though it expects that it will incur $2,360 per year in expenses for 16 completed traces per month, at 22 minutes per completed trace, and $33.50 per hour. Lakedale's evidence, however, fails to consider the number of call traces that will not be completed and therefore will not take 22 minutes. Therefore, Lakedale has not met its burden of proving by clear and convincing evidence that the MPUC's decision will result in unjust, unreasonable, or discriminatory rates.

## II.

■ Lakedale claims that there are 37 telephone companies offering CLASS service in Minnesota, each charging $1 per activation for call tracing, as authorized by the MPUC. Lakedale points to a statement by the DPS that the MPUC has "established" a price of $1 per activation for call tracing. Lakedale claims that this "uniform charge" of $1 per activation in effect constitutes an unpromulgated rule, in violation of the Minnesota Administrative Procedure Act, Minn.Stat. §§ 14.001–.47 (1996) (MAPA).

MAPA defines a "rule" as

> every agency statement of general applicability and future effect * * * adopted to implement or make specific the law enforced or administered by that agency or to govern its organization or procedure.

Minn.Stat. § 14.02, subd. 4 (1996). Agencies are required to adopt rules in accordance with the procedures specified in MAPA. Minn.Stat. § 14.05, subd. 1 (1996). Because the MPUC did not comply with those procedures, Lakedale claims the decision to require a $1 per activation fee deprived it of due process. *See Monk & Excelsior, Inc. v. Minnesota State Bd. of Health,* 302 Minn. 502, 509–10, 225 N.W.2d 821, 825 (1975) (one purpose of MAPA is to ensure due process in promulgation of rules).

> Administrative policy may be formulated by promulgating rules or on a case-by-case determination. An agency has discretion to decide what method is appropriate in a particular situation.

*Bunge Corp. v. Commissioner of Revenue,* 305 N.W.2d 779, 785 (Minn.1981). Policy decisions involving important social or political questions are more appropriately the subject of rulemaking, whereas the application of facts to specific parties is more appropriately the subject of adjudicatory determinations. *Contel of Minnesota, Inc. v. Minnesota Pub. Utils. Comm'n,* 532 N.W.2d 583, 589 (Minn. App.1995).

■ We conclude that the MPUC's decision to initially require a $1 per activation fee did not require formal rulemaking, but was appropriately decided within the context of the adjudicatory forum below. The MPUC's decision, although based on policy concerns, was not a statement of general applicability and future effect, was based on the facts of this case, and may be revisited at any time Lakedale can supply actual objective data concerning the use of its call tracing services.

## DECISION

The MPUC did not err by ordering Lakedale to charge a $1 per activation fee for its call tracing service.

**Affirmed.**